■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ESPOSITO, Appellant.— Judgment, Supreme Court, New York County, rendered April 6, 1971, convicting defendant-appellant, upon his plea of guilty, of assault in the second degree (Penal Law, § 120.05) and sentencing him to an indeterminate term of imprisonment not to exceed seven years, affirmed. We are convinced that the appellant at the time of sentence deliberately waived his right to exercise the alternative given to him at the time of taking the plea, of withdrawing his plea if the court did not give a sentence not exceeding a four-year maximum. A concise chronology of the events which transpired is in order. Appellant was indicted on March 4, 1969, for the crimes of rape in the first degree and robbery in the first degree, assault and other related crimes, all said to have been committed on February 15, 1969. On June 30, 1969, the appellant pled guilty to assault in the second degree. That plea was to cover not only the aforesaid rape, robbery, etc. crimes, but also an additional 1968 indictment charging possession of a loaded pistol as a felony, and a drug charge pending in the Criminal Court. It was on June 30, 1969 that the court, before taking the plea, informed the appellant, in substance, that a maximum sentence of four years would be imposed unless the court, after reading a presentence report, felt that it could not in good conscience so limit the sentence, in which event, the appellant would be permitted to withdraw his guilty plea. The court set sentence for August 18, 1969. However, appellant absconded and did not appear for sentence until April 6, 1971, when the complained of sentence of a seven-year maximum was imposed. Due to appellant's delaying tactics, this appeal was not argued until October 31, 1972 — almost four years after the date appellant allegedly raped and robbed his victims and almost five years

after the 1968 indictment. When he appeared for sentence, appellant sought to withdraw his guilty plea, but not on the basis of the length of the sentence which might be imposed. He claimed prejudice caused by newspaper articles linking him to events unrelated to the matters then before the court. The motion was denied and imposition of sentence followed. Not a word was uttered by either appellant or his counsel, who was the same lawyer who had represented him at the plea-taking, and this silence was in the face of a request by the Assistant District Attorney that, in view of the heinous nature of the crime, the maximum sentence (seven years) under the plea be imposed. The appellant and his counsel were then faced with the unenviable dilemma: do we accept the seven years or do we call for the fulfillment of the bargain and withdraw the plea and stand trial on accusations that could lead to a possible life sentence upon conviction? Furthermore, we note that appellant has not yet quite made up his mind, for in his brief, he asks that his sentence be reduced to a maximum of four years or, in the alternative, that we remand to *"permit appellant to withdraw his plea of guilty should he so desire."* (Italics added.) To permit the appellant to withdraw his plea at this late date, should he so desire, would most likely result in the inability of the prosecution to locate the People's necessary witnesses for trial of the now stale indictments. We should not permit such a patently unfair result in the special circumstances of this case. Concur — Nunez, J. P., Kupferman, and Tilzer, JJ.; Murphy, J., dissents in the following memorandum: The defendant pleaded guilty to assault in the second degree on June 30, 1969. The court in accepting the plea stated that although the defendant was pleading to a Class D felony that for the purposes of sentencing the plea would be treated as an E felony. In the event the court was unable to keep its promise to sentence as an E felony, the defendant was told that he "would be permitted to withdraw the plea of guilty in this case." The defendant failed to appear on the original date set for sentence and was not sentenced until April 6, 1971. At sentencing defendant's counsel made a motion to withdraw the plea on the basis of prejudicial newspaper articles. The court denied the motion and proceeded to sentence the defendant to an indeterminate term of imprisonment of seven years (Class D maximum). There is no mention or reference in the record to the agreement that had been struck when the plea was entered. The People contend that since defendant made no mention of the agreement "his initial decision was to serve the imposed sentence rather than withdraw his plea". The defendant on the other hand assumes the court must have forgotten the bargain. Both assumptions are speculative and are not borne out by the record. However, the record is clear that the court never advised defendant or his counsel that the original agreement could not or would not be kept. The People contend that the failure of defendant after sentence to remind the court of its promise is a waiver of his right to now request that the agreement as made be kept. This, however, would place the affirmative on defendant where no duty exists. From the wording of the agreement by the court, the affirmative was on the court to advise the defendant before sentence that an "E" sentence would not be meted out and to give the defendant the option of withdrawing his plea or proceeding to sentence, knowing that he could receive "D" punishment. Not having done this, the proceedings are invalidated. (See *Santobello* v. *New York,* 404 U. S. 257; *People* v. *Santobello,* 39 A D 2d 654; and *People* v. *Lord,* 38 A D 2d 697.) The court was duty bound to advise defendant that the condition precedent could not be kept and its failure to do so was a breach of the agreement. It would have been preferable for the defendant or his counsel to have reminded the court of the negotiations, so that the error could

have been rectified, but their unexplained failure to do so is in no way a waiver of defendant's rights. The agreement when breached by the court became a nullity and defendant's silence after sentence is not a waiver of the broken agreement or a revival of the breached bargain. Under these conditions a waiver to be valid would have to be a clear, knowing, intelligent waiver by the defendant on the record. It makes little sense to say he chose to waive his right to withdraw the plea when moments before the sentence he requested withdrawal of the plea on other grounds. Given the opportunity his choice is apparent. Accordingly, I would vacate the judgment and remand for further proceedings.