(No. 56221.—

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JIMMY L. CREEK, Appellant.

*Opinion filed January 24, 1983.—Rehearing denied April 8, 1983.*

Donald E. Groshong, of Groshong, Moorman & Fahrenkamp, Ltd., of East Alton, for appellant.

Tyrone C. Fahner and Neil F. Hartigan, Attorneys General, of Springfield, and Donald W. Weber, State's Attorney, of Edwardsville (Martin N. Ashley and Stephen E. Norris, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

Following a jury trial in the circuit court of Madison County, Jimmy L. Creek, the defendant in this procedurally confused case, was convicted of reckless homicide and driving while under the influence of intoxicating liquor. He received sentences of one year's imprisonment and six months' imprisonment, respectively, on the two charges. The appellate court dismissed the appeal ultimately taken by defendant on the grounds that it was not timely filed, and we granted his petition for leave to appeal.

On November 19, 1978, defendant received a citation at the scene of a fatal accident for driving while intoxicated and improper lane usage. These charges were dismissed shortly thereafter on the motion of an assistant State's Attorney because the prosecutor was investigating the possibility of filing a felony charge. An information was then filed on December 19 charging defendant with reckless homicide. Defendant later appeared and pleaded not guilty, and at a January 12, 1979, preliminary hearing the trial court entered the following written order:

> "The above entitled cause having again come on for hearing pursuant to setting and notice for preliminary hearing, on motion of assistant state's attorney Stephanie Robbins, the above entitled cause is hereby dismissed *with prejudice*.

> Defendant's bond ordered discharged according to law.
>
> It is so ordered." (Emphasis added.)

The signatures of the prosecutor and defense counsel appear immediately below the word "Approved" on this order.

Thirty-four days later, the Madison County grand jury indicted defendant for reckless homicide, and the charge of driving while intoxicated was also later reinstated. Defendant's motion to dismiss the reckless-homicide charge on double jeopardy grounds was denied, and he then filed a petition for *habeas corpus* which was also denied. Defendant was then tried on the consolidated driving-while-intoxicated and reckless-homicide charges while his *habeas corpus* appeal was in process. Following his conviction on May 9, 1980, defendant filed several post-trial motions urging the trial court to vacate the conviction or reconsider the sentences imposed. While those motions were pending in the trial court, the appellate court apparently was advised of defendant's convictions and determined on its own motion to review the effect of the earlier dismissal with prejudice. Although initially recognizing that this dismissal involved only the reckless-homicide charge, the opinion of the appellate court concludes by reversing "the judgment of the circuit court of Madison County." The driving-while-intoxicated and reckless-homicide charges had been tried as a consolidated case, and the appellate court reversal, which did not distinguish between the two charges, seems to have been treated as a reversal of both.

Apparently by sheer coincidence, the appellate court opinion (*Creek v. Clark* (1980), 91 Ill. App. 3d 429) was filed on the same day, November 26, upon which the Madison County circuit court denied the last of defendant's post-trial motions. This court subsequently granted leave to appeal and reversed the appellate court (*Creek v. Clark* (1981), 88 Ill. 2d 54), holding that the latter lacked jurisdiction to decide the case on its merits in light of defendant's

failure to appeal from his conviction. Defendant then filed in the trial court a notice of appeal which, while filed within 30 days of our decision, was filed approximately a year after denial of defendant's post-trial motions. Noting this fact, the appellate court dismissed that appeal as untimely. We subsequently granted defendant's petition for leave to appeal from that dismissal and, following oral argument, requested both parties to submit additional briefs addressing the merits of the double jeopardy issue so that we could examine that issue as well as the propriety of the dismissal of the appeal.

The State urges that the appellate court properly dismissed defendant's appeal under our Rule 606 because he failed to file a timely notice of appeal. Under our Rule 606(b), notices of appeal "must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a  motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." (73 Ill. 2d R. 606(b).) The judgment in this case became final on June 6, 1980, when defendant's sentence was imposed (see *In re J.N.* (1982), 91 Ill. 2d 122; *People v. Allen* (1978), 71 Ill. 2d 378; *People v. Warship* (1974), 59 Ill. 2d 125), and the last of defendant's post-trial motions was denied on November 26, 1980. Accordingly, under Rule 606(b) the time limit within which defendant would ordinarily be required to file his notice of appeal extended 30 days beyond that date.

On that same day, however, the appellate court opinion erroneously reversing defendant's conviction (*Creek v. Clark* (1980), 91 Ill. App. 3d 429) was filed. Consequently, defendant had no adverse judgment from which he could appeal until this court reversed the appellate court's judgment on October 21, 1981. (*Creek v. Clark* (1981), 88 Ill. 2d 54.) Defendant promptly filed a notice of appeal following this court's ruling, and we believe that notice must be considered as timely. Although the appellate court's rever-

sal of defendant's conviction proved to be erroneous, defendant justifiably relied on that decision. Indeed, he had no alternative. Defendant had a constitutionally granted right to appeal the judgment of the Madison County circuit court within 30 days from November 26, 1980, the date of the denial of his last post-trial motion. (Ill. Const. 1970, art. VI, sec. 6.) It is apparent that defendant would have exercised that right except for the fortuitous filing of the appellate court opinion reversing that judgment. While constitutionally guaranteed rights can be waived, nothing resembling a waiver is to be found here. In fact, dismissing this appeal as untimely when the sole reason for delay lies in judicial error might well violate the due process guarantees of both our own and the Federal constitutions. See U.S. Const., amend. XIV, sec. 1; Ill. Const. 1970, art. I, sec. 2; Ill. Const. 1970, art. VI, sec. 6.

As recognized by both parties, the dispositive issue in this cause is whether the State may dismiss a charge "with prejudice" and subsequently prosecute the same defendant for the same offense, based on the same facts. Ballentine's Law Dictionary provides the following definition of a dismissal with prejudice:

> "An adjudication on the merits of the case, a final disposition of the controversy which bars the right to bring or maintain an action on the same claim or cause of action." (Ballentine's Law Dictionary 384 (2d ed. 1948).)

Similar definitions have appeared in numerous judicial opinions recognizing that the phrase "with prejudice" has a well-established meaning within the legal profession, and we agree with the following observations of our own appellate court: "The term 'with prejudice' has a well-recognized legal import; it is the converse of the term 'without prejudice' and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final prosecution adverse to the complainant." (*Gonzalez v. Gonzalez* (1955), 6 Ill. App. 2d 310, 314. See *Keim v. Kalbfleisch* (1978), 57 Ill. App. 3d 621; *Bank of America v. Jorjorian* (1940), 303 Ill.

App. 184. Accord, *Lawlor v. National Screen Service
Corp.* (1955), 349 U.S. 322, 99 L. Ed. 1122, 75 S. Ct. 865;
*Chalmers v. Hughes* (1971), 83 N.M. 314, 491 P.2d 531; *Co-
chise Hotels, Inc. v. Douglas Hotel Operating Co.* (1957),
83 Ariz. 40, 316 P.2d 290; *Union Indemnity Co. v. Benton
County Lumber Co.* (1929), 179 Ark. 752, 18 S.W.2d 327;
*Foundry Systems & Supply, Inc. v. Industry Development
Corp.* (1971), 124 Ga. App. 589, 185 S.E.2d 94; *Mayflower
Industries v. Thor Corp.* (1952), 20 N.J. Super. 39, 89
A.2d 277; *Gambocz v. Yelencsics* (3rd Cir. 1972), 468 F.2d
837. See also 27 C.J.S. *Dismissal & Nonsuit* sec. 73
(1959).) While the phrase is not encountered in connection
with criminal proceedings as frequently as it may be in
civil matters, the meaning is the same regardless of the
context. (See, *e.g.*, *People v. Newell* (1980), 83 Ill. App. 3d
133; *Spriggs v. United States* (9th Cir. 1955), 225 F.2d
865.) Consequently, we consider the dismissal with preju-
dice of the initial information charging defendant with
reckless homicide equivalent to a final adjudication on the
merits of the case.

In light of our conclusion, defendant's conviction was
improper for several reasons. The fifth amendment to the
United States Constitution provides, "nor shall any person
be subject for the same offence to be twice put in jeopardy
of life or limb" (U.S. Const., amend. V), and this prohibi-
tion applies to State governments as well as the Federal
government. (*Illinois v. Vitale* (1980), 447 U.S. 410, 65 L.
Ed. 2d 228, 100 S. Ct. 2260; *Benton v. Maryland* (1969),
395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056.) Our own
constitution similarly provides that "[n]o person shall be
*** twice put in jeopardy for the same offense." (Ill.
Const. 1970, art. I, sec. 10.) Both of these constitutional
guarantees protect defendants from a second prosecution
on the same charge following an acquittal. (*North Carolina
v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct.
2072; *People v. Gray* (1977), 69 Ill. 2d 44.) The State di-

rects our attention to *People v. Deems* (1980), 81 Ill. 2d 384, *cert. denied* (1981), 450 U.S. 925, 67 L. Ed. 2d 355, 101 S. Ct. 1378, where this court held that the word "acquittal" carries no talismanic meaning. The farcical situation in *Deems*, however, bears no resemblance to this case. There the judicial action denominated by the judge as an acquittal bore none of its characteristics other than the label. Here the dismissal with prejudice appears to have been intended to be tantamount to an acquittal. The prosecutor's purposeful inclusion of the phrase "with prejudice" in her motion to dismiss, coupled with the signed approval of both parties, indicates to us an intention to terminate the proceedings in defendant's favor in such a way as to bar further action. Defendant's subsequent conviction is accordingly constitutionally infirm.

The prosecutor's decision to seek an indictment for reckless homicide after dismissing with prejudice the information charging the same offense also contravenes Illinois statutory law. Section 3—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—4(a)) provides:

> "(a) A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:
>
> (1) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction; ***."

In light of our conclusion that a dismissal with prejudice is equivalent to an acquittal, we consider the prohibition against subsequent prosecution in section 3—4 applicable to the indictment here, and his conviction was thus barred.

There is a final basis for challenge. The judicially created rule of *res judicata* provides that "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." (*People v. Kidd* (1947), 398 Ill. 405, 408. See

*Hughey v. Industrial Com.* (1979), 76 Ill. 2d 577. *Cf. Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189; *La Salle National Bank v. County Board of School Trustees* (1975), 61 Ill. 2d 524, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 177, 96 S. Ct. 1668.) As earlier noted, the dismissal with prejudice of the initial reckless-homicide information had the same effect as a final adjudication on the merits, and is *res judicata* as to this indictment.

As we earlier pointed out, only the information for reckless homicide was dismissed with prejudice. There existed no similar bar to the prosecution of the charge of driving while intoxicated, a fact not discussed by the appellate court. Since the judgment on that charge is not subject to the same infirmity, it remains unaffected and the parties are entitled to its review on its merits. The appellate court's order dismissing defendant's appeal is accordingly reversed. The reckless-homicide and driving-while-intoxicated cases are severed. The reckless-homicide case is remanded to the circuit court of Madison County with directions to vacate defendant's conviction and sentence and dismiss the indictment. The drunken-driving case is remanded to the appellate court with directions to afford defendant a review on the merits.

*Reversed and remanded,*
*with directions.*