*879 OPINION OF THE COURT
Steven Fisher, J.
On this motion, defendant John Carter seeks dismissal of the 14-count narcotics indictment pending against him. The issues presented involve the double jeopardy and due process implications of a misdemeanor guilty plea which the defendant entered in the Criminal Court four days after the indictment was voted and filed. The plea was accepted with the consent of an assistant prosecutor who, through an astounding failure of communication within the District Attorney’s office, was completely unaware that the indictment had been returned.
The facts here are largely undisputed.
The indictment in this case charges crimes arising out of two separate incidents. On May 2, 1984, the defendant and two others were arrested and charged, inter alia, with criminal sale of a controlled substance in the third degree. The charge grew out of an alleged sale of cocaine to an undercover police officer in the basement of 2160 Catón Avenue in Brooklyn. The defendant was arraigned on the resulting felony complaint and was released on bail.
On May 17, 1984, while at liberty on the first case, the defendant was again arrested and again charged, inter alia, with criminal sale of a controlled substance in the third degree. The allegation in this second case was that the defendant and six others had made two separate cocaine sales to two different undercover police officers at the same Catón Avenue address. The defendant was arraigned on the resulting felony complaint and was again released on bail.
The two cases proceeded independently in Criminal Court. On July 3, 1984, when the first case was called in Part API, an Assistant District Attorney offered to dispose of the matter by allowing the defendant and his two codefendants each to plead guilty to one misdemeanor charge. The defendant now represents that, as a second felony offender, he was willing and eager to accept the misdemeanor offer but that no plea was entered because a codefendant, apparently incarcerated on a parole violation, had not been produced in court. The case was adjourned to August 2, 1984, undoubtedly in contemplation of the codefendant’s production and the disposition of the case in accordance with the prosecutor’s offer.
On July 10, 1984, the defendant’s second case was called, also in Part API of the Criminal Court. Again an Assistant *880 District Attorney offered to allow the defendant to resolve the case with one misdemeanor guilty plea and the defendant accepted the offer. There being no apparent obstacle to the disposition, the prosecutor reduced the felony charges, the defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree, a class A misdemeanor, and the court immediately sentenced him to pay a $500 fine.[1] Following the entry of judgment, both the defendant and his counsel left the courtroom.
Later that day, the Assistant District Attorney came to learn that, four days earlier, the Grand Jury had returned the instant 14-count indictment which charged the defendant with narcotics offenses based upon the very same acts alleged in the felony complaints filed in both the first and second cases.[2] When the prosecutor apprised the court of his discovery, the Judge vacated the guilty plea and sentence, ordered the matter transferred to the Supreme Court, and directed that the defendant and his counsel be notified. The Judge also advanced the defendant’s other case and transferred it to the Supreme Court as well.
On this motion, the defendant argues that his plea and sentence in Criminal Court were unlawfully vacated and now present a bar to his prosecution on the indictment under constitutional and statutory guarantees against double jeopardy. In the alternative, he maintains that principles of due process require the People to specifically perform on their promises by offering to resolve the case now with the same misdemeanor guilty pleas they were willing to accept in Criminal Court.
I. DOUBLE JEOPARDY
Clearly, jeopardy had not yet attached with respect to any of the charges here in issue when, on July 6, 1984, the indictment was filed. Neither of the defendant’s two cases had yet been resolved with a guilty plea; neither had proceeded to trial stage (see, CPL 40.30 [1] [a], [b]). In such circumstances, a Grand Jury is free to investigate and indict regardless of what had previously occurred in the Criminal Court (see, e.g., People ex rel. Hirschberg v Close, 1 NY2d 258). Notwithstanding the validity of the indictment when filed, however, the defendant *881 maintains that the judgment subsequently entered against him in Criminal Court bars further prosecution.
I note that this argument has proper application only to those counts of the indictment relating to the incident of May 17, 1984 — the second case in the Criminal Court. Contrary to the defendant’s contention, the record unequivocally establishes that his guilty plea covered only the second case and that the first case was never actually disposed of in the Criminal Court. Jeopardy does not attach by reason of a plea bargain which is offered but never consummated, for "an accused must suffer jeopardy before he can suffer double jeopardy” (Serfass v United States, 420 US 377, 393).
In New York, the protections against multiple prosecutions have been expanded beyond that required by the Constitution (see, People v Prescott, 66 NY2d 216, 219, cert denied — US —, 106 S Ct 1804). In this State, with certain exceptions, a guilty plea to an offense bars subsequent prosecution for the same offense or for any other offense "based upon the same act or criminal transaction” (CPL 40.20, 40.30 [1] [a]). The defendant’s guilty plea in Criminal Court therefore would ordinarily present a bar to prosecution on all counts in the indictment relating to the incident of May 17, 1984 (see, e.g., People v Gross, 100 Misc 2d 617; cf, Matter of Parmeter v Feinberg, 105 AD2d 886; CPL 40.20 [2] [c]). That result does not follow in this case, however, because the guilty plea was entered after the indictment was returned.
To constitute an effective bar to subsequent prosecution, a guilty plea must be tendered to a court having jurisdiction to accept it (see, e.g., People ex rel. Leventhal v Warden, 102 AD2d 317, 322; CPL 40.30 [2] [a]). The New York City Criminal Court, however, is immediately divested of jurisdiction upon the filing of an indictment (CPL 170.20 [1]). As a consequence, any plea entered in Criminal Court after an indictment has been filed in the case is "a nullity and [has] no binding effect on subsequent proceedings” (People v Phillips, 48 NY2d 1011, 1013, affg 66 AD2d 696).
The defendant would distinguish Phillips (supra) on the ground that that case involved a plea but not a judgment. Relying on Matter of Campbell v Pesce (60 NY2d 165), the defendant maintains that, notwithstanding any legal defect in the plea, once sentence is pronounced the court is without power to vacate the judgment absent the defendant’s consent. He argues that, because he was sentenced in Criminal Court, *882 the judgment against him was improperly vacated and must now be deemed to stand as a bar to further prosecution.
In Matter of Campbell v Pesce (supra), the defendant was sentenced to a jail term upon his guilty plea to a misdemeanor charge in the Criminal Court. The plea was accepted with the consent of a prosecutor who had reduced the two armed felony charges contained in the original felony complaint. The reduction, however, was illegal because it had not been preceded by the required court finding that there was no reasonable cause to believe that the defendant had committed an armed felony (CPL 180.50 [2] [b] [ii]). Two weeks after entry of judgment, the prosecutor moved to vacate the plea and sentence on the ground that the illegal reduction had rendered the guilty plea invalid. The court granted the motion, vacated the judgment, and restored the original charges.
In the ensuing CPLR article 78 proceeding, the Court of Appeals ordered that the Criminal Court judgment be reinstated and that further prosecution on the original felony charges be barred. In rejecting the argument that the Criminal Court had the inherent power to correct the error by vacating its own judgment, the court wrote: "In no instance have we recognized a court’s inherent power to vacate a plea and sentence over defendant’s objection where the error goes beyond mere clerical error apparent on the face of the record and where the proceeding has terminated by entry of judgment.” (60 NY2d, at 169.)
In my view, the defendant’s reliance upon Matter of Campbell v Pesce (supra) is misplaced. Notwithstanding its broad language, the case cannot be read to hold that a court may exercise its inherent power to vacate a judgment only when a clerical error has been made, for "it is well settled that '[t]he language of any opinion must be confined to the facts before the court’ ” (People v Anderson, 66 NY2d 529, 535). Thus, for example, in Matter of Lockett v Juviler (65 NY2d 182, revg 102 AD2d 869), a Trial Judge vacated a special plea of "not responsible by reason of mental disease or defect” (CPL 220.15) where the plea had been consented to and accepted upon the defendant’s false representation that he was a combat veteran of the Vietnam War suffering from posttraumatic stress disorder. The Appellate Division, citing Matter of Campbell v Pesce (supra), held that the Judge lacked "satisfactory authorization” to vacate the plea and subsequent commitment, and ordered that both be reinstated (102 AD2d, at 869-870). The Court of Appeals reversed, observing that "[cjourts *883 traditionally have inherent power to vacate orders and judgments obtained by fraud or misrepresentation.” (65 NY2d, at 186.) And, significantly, in distinguishing Matter of Campbell, the court wrote (at 186): "This is not a case where the court was called upon to correct a purely statutory defect in a judgment for which no statutory corrective authority exists (see, e.g., Matter of Campbell v Pesce, 60 NY2d 165 * * *).”
Similarly, in the case at bar, the Criminal Court Judge was not acting merely "to correct a purely statutory defect” in the judgment he had entered. Instead, he was dealing with a judgment which lacked a jurisdictional foundation and which, since it involved no acquittal on the merits (cf, United States v DiFrancesco, 449 US 117, 132-133), was therefore null and void (People v Phillips, supra). Plainly, such a judgment may be vacated by the court in the exercise of its inherent power (People ex rel. Leventhal v Warden, 102 AD2d 317, supra).
Moreover, the defendant’s argument with respect to Matter of Campbell v Pesce (supra) must fail for the additional reason that it incorrectly assumes that the vacatur of a prior jurisdictionally defective judgment is a sine qua non for subsequent prosecution. There is no such requirement in the law, for the CPL provides only that, notwithstanding his entry of a guilty plea in a prior criminal action "a person is not deemed to have been prosecuted for an offense [for double jeopardy purposes] when * * * [s]uch prosecution occurred in a court which lacked jurisdiction over the defendant or the offense” (CPL 40.30 [1] [a]; [2] [a]). Because in Matter of Campbell v Pesce (supra) the Criminal Court was not without jurisdiction to enter the defective judgment, the defendant’s double jeopardy claim there turned entirely upon whether or not the judgment had been properly vacated. Thus, insofar as it dealt with the permissibility of further prosecution, Matter of Campbell v Pesce (supra) is plainly inapposite.
Accordingly, because the Criminal Court was without jurisdiction to enter judgment against the defendant, I hold that there is no double jeopardy bar to his prosecution on the instant indictment or any count thereof.
II. DUE PROCESS
Relying primarily on Santobello v New York (404 US 257), the defendant demands specific performance of the promises made to him by the assistant prosecutors. He contends that principles of due process now require the People to allow him to resolve the case with the same misdemeanor guilty pleas *884 they were willing to accept in the Criminal Court.[3] Although his argument is not without notable support in prior case law (see, e.g., Cooper v United States, 594 F2d 12 [4th Cir 1979]; People v World, 121 Misc 2d 148 [Sup Ct, Kings County 1983, Alfano, J.]; see also, People v Phillips, 66 AD2d 696, 697 [Kupferman and Sandler, JJ., concurring in part and dissenting in part], affd 48 NY2d 1011, supra), I am compelled to reject it in the circumstances of this case.
In Santobello (supra) the Supreme Court held on due process grounds that the failure of one prosecutor to honor his colleague’s off-the-record promise to make no sentence recommendation — a promise of which he was unaware — rendered invalid the guilty plea induced by the promise. In language particularly appropriate to events in this case, the court wrote:
"This record represents another example of an unfortunate lapse in orderly prosecutorial procedures, in part, no doubt, because of the enormous increase in the workload of the often understaffed prosecutor’s offices. The heavy workload may well explain these episodes, but it does not excuse them * * *
"On this record, [the defendant] 'bargained’ and negotiated for a particular plea in order to secure dismissal of more serious charges, but also on condition that no sentence recommendation would be made by the prosecutor. It is now conceded that the promise to abstain from a recommendation was made, and at this stage the prosecution is not in a good position to argue that its inadvertent breach of agreement is immaterial. The staff lawyers in a prosecutor’s office have the burden of 'letting the left hand know what the right hand is doing’ or has done. That the breach of agreement was inadvertent does not lessen its impact.” (404 US, at 260, 262.)
Santobello is now most often cited for the proposition that, where a guilty plea is induced by a firm promise, the promise must be fulfilled or the defendant must be given the option of withdrawing the plea (see, e.g., People v Frederick, 45 NY2d 520; People v Powell, 105 AD2d 761; People v Di Tullio, 85 AD2d 783). Where such a promise has been made, however, the choice of whether to have it fulfilled or to vacate the plea belongs, not to the defendant, but to the court (People v Selikoff, 35 NY2d 227, 239, cert denied 419 US 1122).
*885 In the case at bar, no such choice need be made with respect to the counts of the indictment relating to the events of May 2, 1984, the first case in the Criminal Court, because no guilty plea was ever entered in that case. The fact that an assistant prosecutor made a plea offer in the case which the defendant was willing to accept does not give rise to due process considerations for, whatever the viewpoints expressed in prior cases (compare, People v World, supra, and Cooper v United States, supra, with Government of Virgin Is. v Scotland, 614 F2d 360 [3d Cir 1980]), it is now settled, as a matter of both Federal and State law, that: "[a] plea bargain standing alone is without constitutional significance * * * It is the ensuing guilty plea that implicates the Constitution” (Mabry v Johnson, 467 US 504, 507-508; accord, People v Hood, 62 NY2d 863, 865; People v Rodriguez, 123 AD2d 404).
With respect to the defendant’s second case in the Criminal Court the one upon which a plea was entered, the decision to vacate the judgment was dictated by operation of law because of the court’s lack of jurisdiction. The defendant now seeks to undo the effect of that decision and to compel specific performance by means of an extraordinary mechanism. Because as a second felony offender he is precluded by statute from disposing of this felony indictment with a plea of guilty to other than a felony charge (see, CPL 220.10 [5] [c]), he would have the prosecution either move to dismiss all felony counts or file a superseding prosecutor’s information in order to permit resolution with a misdemeanor guilty plea. Faced with the People’s refusal to follow either course, the defendant asks that the court compel their action by presenting them with the alternative of outright dismissal (see, People v World, supra).
In reaching a determination on whether to require specific performance of a promise which has induced a guilty plea, a court may properly consider questions of fairness and the appropriateness of the proposed disposition (see, e.g., People v Tindle, 61 NY2d 752; People v Esposito, 32 NY2d 921, revg 40 AD2d 801) as well as any evidence of the defendant’s detrimental reliance upon the promise (see, e.g., People v McConnell, 49 NY2d 340; Matter of Chaipis v State Liq. Auth., 44 NY2d 57; Government of Virgin Is. v Scotland, 614 F2d 360, supra). In the instant case, those factors militate strongly against the defendant.
Each of the pending felony counts is amply supported by the *886 evidence presented to the Grand Jury. As a second felony offender, the defendant faces enhanced sentencing upon conviction on any one of those counts (Penal Law § 70.06). In fact, his sentencing exposure is further increased because, arising out of three separate drug sales, the pending charges are grouped into three sets of felony counts upon which consecutive sentences may be imposed (Penal Law § 70.25; see, e.g., People v Brathwaite, 63 NY2d 839; People v Williams, 120 AD2d 630). Thus, resolution of this case with a misdemeanor guilty plea would both subvert the action of the Grand Jury and contravene the expressed intent of the Legislature.
Moreover, there is no evidence of the defendant’s detrimental reliance on the promise since, with the vacatur of the Criminal Court judgment, he has been restored to precisely the same position he was in prior to the entry of the plea (see, e.g., People v Torres, 67 NY2d 659). Further, the defendant has made no claim, and there is no evidence to suggest, that the events in Criminal Court have adversely affected his ability to defend against the charges or to obtain a fair trial. Indeed, the defendant’s only complaint would appear to be that the District Attorney’s conduct has deprived him of a substantial and unwarranted benefit to which he was never entitled.
Notwithstanding the prosecution’s remarkable and lamentable failure in this case, the People have resolutely opposed the defendant’s motion here. That is their right, for "[t]he Due Process Clause is not a code of ethics for prosecutors” (Mabry v Johnson, 467 US 504, 511, supra). I hold that the defendant is not legally entitled to the relief he seeks.
Accordingly, the defendant’s motion in all respects should be denied.

. The defendant never paid the fine nor did he serve the 30-day alternate jail term imposed as part of the sentence.

. Indictment No. 4037/84 was filed in Supreme Court, Kings County, on July 6, 1984 at 6:25 p.m.

. As this is not a CPLR article 78 proceeding to compel action by the District Attorney, the defendant’s motion can be seen as one to dismiss the felony counts of the indictment on the ground that there exists a due process impediment to conviction on those counts (see, GPL 210.20 [1] [h])-