THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD FAKO, Defendant-Appellant.

Second District   No. 2—99—0124

Opinion filed March 15, 2000.

Charles E. Nave, of Law Office of Charles E. Nave, of Elgin, for appellant.

Gary W. Pack, State's Attorney, of Woodstock (Martin P. Moltz, of State's

Attorneys Appellate Prosecutor's Office, of counsel), and Sally A. Swiss, of Wheaton, for the People.

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Edward Fako, was ticketed for, among other things, the misdemeanor offense of driving while his driver's license was revoked (625 ILCS 5/6—303(a) (West 1998)). Before defendant's scheduled court date, the State dismissed the misdemeanor charge and indicted defendant for the felony offense of driving while his license was revoked (625 ILCS 5/6—303(d) (West 1998)). On defendant's scheduled court date, defendant, who was unaware of the indictment and the dismissal, pled guilty in municipal court to the lesser offense of driving without a valid driver's license (625 ILCS 5/6—101(b) (West 1998)). Defendant was fined $250 and given court supervision. After defendant was made aware of the indictment, he filed a motion to dismiss the indictment, arguing that double jeopardy precluded the State from seeking to convict him of the felony charge. The trial court denied the motion. Defendant appeals, arguing that double jeopardy precludes the State from prosecuting him for the felony offense and that the trial court erred in refusing to enforce the plea agreement into which he and the municipal prosecutor entered. We affirm.

Around August 30, 1993, McHenry County State's Attorney Gary Pack sent a letter to Colin MacMeekin, who was a prosecuting attorney for the City of McHenry. In this letter, Pack told MacMeekin that the municipal prosecutors of the City of McHenry had the authority to prosecute state violations, such as driving while license revoked, that occurred within the city limits of McHenry. The letter further stated that, unless Pack heard from MacMeekin in writing that Mac-Meekin was not prosecuting a particular state charge, Pack would assume that the municipal prosecutors would prosecute the specified state violations, including driving while license revoked.

On July 31, 1997, defendant was arrested for the misdemeanor of driving while his driver's license was revoked. Defendant was also ticketed for other offenses, but those offenses are unknown from the record. Because of these violations, defendant was scheduled to appear in the municipal court on August 25, 1997.

On August 21, 1997, before defendant appeared in the municipal court to dispose of his tickets, the McHenry County State's Attorney's office decided to indict defendant for the felony of driving while his license was revoked. As part of this indictment, defendant's misdemeanor ticket for driving while his license was revoked was dismissed, and the other tickets he was issued were joined with his felony indictment.

On August 25, 1997, defendant appeared in the municipal court to dispose of the tickets he was issued on July 31, 1997. Allegedly, pursuant to negotiations between defendant's attorney and the municipal prosecutor, defendant pled guilty to driving without a valid driver's license, was fined $250, and was given court supervision until February 23, 1998. The order provided that defendant did not need to appear in court on February 23, 1998, if he paid the $250 fine before this date. According to the record, neither defendant nor the municipal prosecutor knew that the McHenry County State's Attorney's office had dismissed his misdemeanor ticket for driving while his license was revoked and that defendant had been indicted for the felony of driving while his license was revoked.

On December 2, 1998, defendant filed a motion to dismiss the indictment, arguing that prosecuting him for the felony would amount to double jeopardy. On December 24, 1998, a hearing was held on defendant's motion, and the trial court denied the motion, stating that double jeopardy did not attach. The trial court stated that the acts of the municipal prosecutors would normally bind the State's Attorney's office, but the municipal prosecutor's actions did not bind the McHenry County State's Attorney's office here because when the municipal prosecutor negotiated the plea with defendant no charge was pending. Thus, double jeopardy could not attach when there was no charge pending to which defendant could plead guilty.

On January 8, 1999, defendant filed a motion to enforce the plea agreement, and, soon afterwards, defendant also filed a motion to reconsider the trial court's order denying his motion to dismiss the indictment. A hearing was held on the motions, and the trial court denied both motions. In making its ruling, the trial court stated that defendant's double jeopardy argument would have prevailed if defendant had pled guilty to the charge before the State dismissed the misdemeanor charge of driving while his license was revoked. This timely appeal followed.

The issue presented in this cause is whether or not double jeopardy attaches when a defendant pleads guilty to a charge in the municipal court after the McHenry County State's Attorney's office dismisses the charge. Neither of the briefs addressed a case that was factually on point, and our own research did not uncover any cases from Illinois that resolved this issue. However, we do find an out-of-state case (*People v. Carter*, 134 Misc. 2d 878, 513 N.Y.S.2d 331 (1987)) instructive.

In *Carter*, the defendant pled guilty to a misdemeanor count of possessing a controlled substance, and he was sentenced. *Carter*, 134 Misc. 2d at ___, 513 N.Y.S.2d at 333. However, four days before the de-

fendant pled guilty to the misdemeanor charge, the defendant was indicted for 14 counts of various narcotics offenses. *Carter*, 134 Misc. 2d at ___, 513 N.Y.S.2d at 333. At the time the defendant pled guilty to the misdemeanor charge, the prosecutor did not know that the defendant had been indicted. *Carter*, 134 Misc. 2d at ___, 513 N.Y.S.2d at 332. The trial court vacated the misdemeanor plea and sentence, and defendant argued that he could not be prosecuted on the 14-count indictment because double jeopardy had attached when he pled guilty to the misdemeanor charge. *Carter*, 134 Misc. 2d at ___, 513 N.Y.S.2d at 333.

The reviewing court concluded that the State was not precluded from prosecuting the defendant on the felony indictment. *Carter*, 134 Misc. 2d at ___, 513 N.Y.S.2d at 335. The reviewing court reasoned that double jeopardy had not attached because the trial court had no jurisdiction over the misdemeanor charge once the defendant was indicted. *Carter*, 134 Misc. 2d at ___, 513 N.Y.S.2d at 334. This conclusion was based on a state statute that provided that the criminal courts were to be divested of jurisdiction once an indictment was filed. *Carter*, 134 Misc. 2d at ___, 513 N.Y.S.2d at 334. The reviewing court also noted that double jeopardy had not attached because the state statute on double jeopardy provides that double jeopardy cannot attach when a defendant is prosecuted in a court that lacks jurisdiction over the defendant or the offense. *Carter*, 134 Misc. 2d at ___, 513 N.Y.S.2d at 335.

■ Here, as in *Carter*, double jeopardy did not attach because the municipal court did not have jurisdiction over the misdemeanor offense to which defendant pled guilty in the negotiated plea agreement. Specifically, in Illinois, section 3—4(d)(1) of the Criminal Code of 1961 (720 ILCS 5/3—4(d)(1) (West 1998)) provides as follows:

"[A] prosecution is not barred within the meaning of [the double jeopardy statute] if the former prosecution:

(1) Was before a court which lacked jurisdiction over the defendant or the offense[.]"

Once defendant's misdemeanor ticket for driving while his license was revoked was dismissed, there was no misdemeanor charge pending, and, thus, the trial court did not have and could not have jurisdiction over the dismissed charge.

■ Defendant next argues that the trial court erred in refusing to enforce the plea agreement into which he and the municipal prosecutor entered. The State argues that this court lacks jurisdiction to address this issue. Specifically, the State points out that defendant appealed under Supreme Court Rule 604(f) (145 Ill. 2d R. 604(f)). The scope of review under Rule 604(f) is limited to former jeopardy claims

and does not extend to claims that cannot independently form the basis for review under Rule 604(f). See *People v. Schram*, 283 Ill. App. 3d 1056, 1061-62 (1996) (in a case appealed under Rule 604(f) no jurisdiction existed for the appellate court to review defendant's due process arguments and his claim that the indictment failed to state a cause of action for forgery).

■ Here, in contrast to *Schram*, the plea agreement is the basis upon which defendant claims former jeopardy. Defendant's entire brief alleges that double jeopardy attached once the plea agreement was made. Thus, we conclude that we have jurisdiction under Rule 604(f) to address this issue.

In addressing this issue, we again find *Carter* instructive because the facts in *Carter* and the present cause are very similar. In *Carter*, the reviewing court concluded that the defendant was not entitled to enforce the plea agreement into which he and the State entered. *Carter*, 134 Misc. 2d at ___, 513 N.Y.S.2d at 337. In reaching this conclusion, the court noted three bases that supported its position. *Carter*, 134 Misc. 2d at ___, 513 N.Y.S.2d at 337. First, the court noted that enforcing the plea agreement would subvert the action the grand jury took and contravene the legislature's express intent to penalize individuals who commit felony offenses. *Carter*, 134 Misc. 2d at ___, 513 N.Y.S.2d at 337. Here, as in *Carter*, enforcing the plea agreement would only serve to undermine the grand jury's action and negate the legislature's intent to more severely penalize recidivists who drive while their licenses are revoked. See 625 ILCS 5/6—303(d) (West 1998) (driving while driver's license is revoked becomes a felony when an individual is charged more than once for driving while license revoked).

Second, the *Carter* court noted that the plea agreement should not be enforced because the defendant, by pleading guilty to the misdemeanor charge, was not placed in a position where he could not obtain a fair trial or defend himself against the felony charges. *Carter*, 134 Misc. 2d at ___, 513 N.Y.S.2d at 337. Likewise, here, by pleading guilty to the misdemeanor charge, defendant was not placed in a position where his ability to defend himself and obtain a fair trial was affected negatively. For example, we note that Supreme Court Rule 402(f) (177 Ill. 2d R. 402(f)) provides that a defendant's guilty plea cannot be used against him, and we caution the State that it must refrain from using the guilty plea if or when defendant is reprosecuted.

Third, in *Carter* the court relied on a promissory estoppel argument and stated that the plea agreement should not be enforced because the defendant did not detrimentally rely on the plea agreement. *Carter*, 134 Misc. 2d at ___, 513 N.Y.S.2d at 337. The court noted that no detrimental reliance arose because, when the defendant's

sentence was vacated, the defendant was placed in exactly the same position he was in before he pled guilty to the misdemeanor charge. *Carter*, 134 Misc. 2d at ___, 513 N.Y.S.2d at 337.

Here, as in *Carter*, we also must note that under a promissory estoppel argument defendant cannot claim that the plea agreement should be enforced. Promissory estoppel arises when (1) an unambiguous promise was made, (2) the defendant relied on the promise, (3) the defendant's reliance on the promise was reasonable, and (4) the defendant suffered a detriment. *People v. Raymond*, 202 Ill. App. 3d 704, 708 (1990). In determining whether the defendant suffered a detriment, the court must decide whether enforcing the promise is the only way that the detriment can be avoided. *Parkside Senior Services, L.L.C. v. National Development & Consultants, Ltd.*, 303 Ill. App. 3d 1022, 1026 (1999). If the enforcement of the promise is the only way that the defendant can avoid a detriment, then the promise should be enforced. *Parkside*, 303 Ill. App. 3d at 1026.

Here, we believe that defendant has not suffered a detriment because defendant can be placed in the same position he was in before he pled guilty to the misdemeanor charge. Specifically, the trial court's order, which was entered pursuant to the parties' negotiated plea agreement, assessed a fine of $250 against defendant. The trial court's order provided that defendant would be placed on court supervision until February 23, 1998, but defendant did not have to come to court on the February date if he paid his fine. Thus, once defendant paid his fine, his period of court supervision was terminated. Because the payment of the fine was defendant's only sentence besides a period of supervision and giving defendant back his $250 fine money places defendant in the same position he was in before he pled guilty, we believe that defendant suffered no detriment. Based on the above-stated principles, and in accordance with *Carter*, we believe that the plea agreement should not be enforced.

With this in mind, we must note that the trial court's order denying defendant's motion to dismiss the indictment and his motion to enforce the plea agreement fails to provide that defendant's sentence of supervision is vacated and that his $250 fine must be returned. Pursuant to Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we vacate the previous supervision order that the trial court entered and order that the $250 fine defendant allegedly paid as part of his supervision be returned to him.

For these reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

McLAREN and GALASSO, JJ., concur.