THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEREMY R. SNELL, Defendant-Appellant.

Fourth District No. 4—03—1075

Opinion filed May 26, 2005.

STEIGMANN, J., dissenting.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Steve Ferguson, State's Attorney, of Charleston (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE TURNER delivered the opinion of the court:

In May 2002, the State charged defendant, Jeremy R. Snell, with one count of unlawful possession of methamphetamine-manufacturing chemicals (count I) and one count of unlawful possession of a controlled substance (count II). In August 2002, defendant pleaded guilty to count I and received a sentence of 30 months' probation. In

November 2002 and November 2003, the State filed a petition and a supplemental petition to revoke probation, respectively. Defendant filed a motion to dismiss, which the trial court denied.

On appeal, defendant argues the trial court erred in denying his motion to dismiss the State's supplemental petition to revoke probation on double-jeopardy grounds. We affirm.

## I. BACKGROUND

In May 2002, the State charged defendant by information with one count of unlawful possession of methamphetamine-manufacturing chemicals (720 ILCS 570/401(c—5) (West 2002)) and one count of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2002)). In August 2002, defendant pleaded guilty to count I, and count II was dismissed. The trial court placed defendant on 30 months' probation.

In November 2002, the State filed a petition to revoke probation, alleging, *inter alia*, defendant committed the offense of unlawfully transporting anhydrous ammonia in Clay County case No. 02—CF—62. In November 2003, the State filed a supplemental petition to revoke probation, alleging defendant committed the offense of unlawful transportation of anhydrous ammonia in an unapproved container (720 ILCS 5/21—1.5(b—5) (West 2002)) in Clay County on or about October 26, 2002.

Defendant filed a motion to dismiss, arguing Clay County case No. 02—CF—62 had been dismissed with prejudice and he would be subject to double jeopardy if the State proceeded on the same facts of the Clay County case in its petition to revoke probation. Defendant also argued the State could not proceed on its petition based on the doctrines of *res judicata* and collateral estoppel. The record on appeal contains a transcript from the Clay County circuit court on July 7, 2003, in which the State moved to enter a *nolle prosequi* in case No. 02—CF—62. Clay County Judge John W. McGuire acknowledged the cause was nol-prossed on the State's motion and explained to defendant that the State could refile charges against him at any time during the statute of limitations. Defendant's motion to dismiss also included a November 17, 2003, order entered by Judge McGuire in People v. Snell, Clay County case No. 02—CF—62, that read as follows:

> "This cause coming on to be heard, and the [c]ourt, being fully advised in the premises, it is hereby ordered that [d]efendant's case is [d]ismissed with [p]rejudice pursuant to 720 ILCS 5/3—4(a)(1)."

In December 2003, the trial court conducted a hearing on

defendant's motion to dismiss. The court found the Clay County case was dismissed without any issues of fact or law determined. Thus, the court found double jeopardy did not apply and denied defendant's motion. Defendant sought to file an immediate appeal, but the court proceeded to hear the merits on the supplemental revocation petition. After the presentation of witnesses, the court found defendant had violated his probation and set the matter for sentencing. Defendant then filed a notice of appeal pursuant to Supreme Court Rule 604(f) (188 Ill. 2d R. 604(f)), permitting interlocutory appeals following the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy.

## II. ANALYSIS

Defendant argues the trial court erred in denying his motion to dismiss the State's supplemental petition to revoke probation on the ground of double jeopardy. We disagree.

We find the Fifth District's case in *People v. Howell*, 46 Ill. App. 3d 300, 360 N.E.2d 1212 (1977), to be instructive in this case. In *Howell*, 46 Ill. App. 3d at 301, 360 N.E.2d at 1212, the defendant was convicted of burglary and sentenced to probation. During his probation term, the defendant was charged with misdemeanor theft, and the State later filed a petition to revoke probation. *Howell*, 46 Ill. App. 3d at 301, 360 N.E.2d at 1212-13. When the defendant appeared for trial on the theft charge, the State moved to dismiss the complaint and a *nolle prosequi* was entered. *Howell*, 46 Ill. App. 3d at 301, 360 N.E.2d at 1213. At the subsequent hearing on the petition to revoke probation, the trial court denied the defendant's motion to dismiss based on double-jeopardy grounds. *Howell*, 46 Ill. App. 3d at 301, 360 N.E.2d at 1213. The court then extended the defendant's term of probation. *Howell*, 46 Ill. App. 3d at 301, 360 N.E.2d at 1213.

On appeal, the Fifth District found the sole issue to be "whether the State is barred by the doctrines of double jeopardy and collateral estoppel from proceeding on a petition to revoke probation, grounded on the commission of a criminal offense, after a criminal complaint based on the same facts and phrased in the same language has been dismissed with prejudice." *Howell*, 46 Ill. App. 3d at 301, 360 N.E.2d at 1213. The appellate court found the State could properly proceed in such a manner. *Howell*, 46 Ill. App. 3d at 301, 360 N.E.2d at 1213.

Specifically, the Fifth District found the defendant had not been acquitted, and a *nolle prosequi* entered before jeopardy had attached did not preclude a subsequent prosecution for the same offense. *Howell*, 46 Ill. App. 3d at 301, 360 N.E.2d at 1213. The court concluded jeopardy had not attached because "[n]o issues of fact or law were

determined in the criminal proceeding; there was no guilty plea, no jurors or witnesses were sworn, and no evidence was heard." *Howell*, 46 Ill. App. 3d at 301-02, 360 N.E.2d at 1213.

In the case *sub judice*, the Clay County case was nol-prossed in July 2003, and the trial court explained to defendant the charge could be refiled at a later time. The dismissal occurred without defendant being placed in jeopardy and without any factual determination of his guilt or innocence. There was no guilty plea, no jurors or witnesses were sworn, and no evidence was heard. Thus, jeopardy did not attach, and the State could proceed with the revocation proceeding.

Defendant argues he is entitled to relief under *People v. Creek*, 94 Ill. 2d 526, 447 N.E.2d 330 (1983). In that case, the supreme court held the defendant could not be prosecuted for reckless homicide because an assistant State's Attorney had made a motion dismissing the cause with prejudice. *Creek*, 94 Ill. 2d at 528, 447 N.E.2d at 331. The court considered a dismissal with prejudice equivalent to a final adjudication on the merits and an acquittal. *Creek*, 94 Ill. 2d at 533, 447 N.E.2d at 333. Defendant contends Judge McGuire's written order stating defendant's case was dismissed with prejudice was equivalent to a final adjudication on the merits. On these facts, we disagree.

The July 2003 transcript from Clay County indicates case No. 02—CF—62 was being nol-prossed. Judge McGuire then commented the State could refile charges. Thus, his statements indicate the case was dismissed without prejudice. The November 2003 order purported to dismiss defendant's case with prejudice. However, the court at that time had no charge before it to dismiss. As the State did not refile the charge, the court had no authority to dismiss with prejudice, and the November 2003 order was void *ab initio*. See *People v. Fako*, 312 Ill. App. 3d 313, 316, 726 N.E.2d 734, 738 (2000) (once the defendant's misdemeanor ticket for driving with a revoked license was dismissed, no misdemeanor charge was pending, and the trial court had no jurisdiction over the dismissed charge); see also *In re Marriage of Schlam*, 271 Ill. App. 3d 788, 793, 648 N.E.2d 345, 348 (1995) (orders entered by a court lacking jurisdiction are void *ab initio*).

In this case, the State's July 2003 motion to nol-pros did not operate as a final adjudication on the merits or act as an acquittal and does not bar a subsequent revocation proceeding. As *Howell* found double jeopardy and collateral estoppel do not bar the State from proceeding on a petition to revoke probation, the trial court did not err in denying defendant's motion to dismiss.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH, J., concurs.

JUSTICE STEIGMANN, dissenting:

Because I believe the trial court erred by denying defendant's motion to dismiss the State's supplemental petition to revoke probation on double-jeopardy grounds, I respectfully dissent.

The majority finds *Howell* to be instructive, but I do not. Indeed, I doubt that the Fifth District Appellate Court in *Howell* even correctly stated the facts of the case before it on appeal.

In *Howell*, the defendant was convicted of burglary and placed on two years' probation. During his term of probation, the State filed a criminal charge of theft against him. The State later filed a petition to revoke his probation, alleging that the defendant had violated the terms of his probation by committing the same theft offense. The *Howell* court then wrote the following:

> "When defendant appeared ready for trial on the theft charge, the State moved to dismiss the complaint, and a *nolle prosequi* was entered over defendant's objection. At the subsequent hearing on the petition to revoke probation, the court denied defendant's motion to dismiss based on double[-]jeopardy grounds." *Howell*, 46 Ill. App. 3d at 301, 360 N.E.2d at 1213.

The foregoing description of events is hardly remarkable, and nothing about it suggests that (1) the State would have moved for dismissal with prejudice or (2) the trial court would have ordered the dismissal to be with prejudice. Yet, in the very next paragraph, the *Howell* court wrote the following:

> "The sole issue raised by defendant on this appeal is whether the State is barred by the doctrines of double jeopardy and collateral estoppel from proceeding on a petition to revoke probation, grounded on the commission of a criminal offense, after a criminal complaint based on the same facts and phrased in the same language has been dismissed *with prejudice*." (Emphasis added.) *Howell*, 46 Ill. App. 3d at 301, 360 N.E.2d at 1213.

The *Howell* court provided no explanation for its use of the phrase "with prejudice," and I believe the court erred by including it. Based upon my 20 years of experience in central Illinois criminal courts involving thousands of cases, I do not recall a single instance in which either the State moved to dismiss a case *with prejudice* or the trial

court granted the State's motion to dismiss and added those words. Yet, if *Howell* is to be taken at face value, the phrase "with prejudice" appears to be an afterthought, given that the Fifth District did not even include that phrase in its initial description of trial court proceedings when the State moved to dismiss the complaint. All the Fifth District mentioned was that the State's *nolle prosequi* was entered over defendant's objection.

Leaving aside the questionable authority *Howell* provides for the majority's decision, the more recent supreme court decision in *Creek*, 94 Ill. 2d 526, 447 N.E.2d 330, requires this court to reverse the trial court's judgment and conclude that the Clay County circuit court's dismissal with prejudice on the same facts was equivalent to a final adjudication on the merits, thereby barring the State in Coles County from using those facts to revoke defendant's probation. The majority seeks to avoid *Creek*'s application by questioning the legitimacy of the Clay County circuit court's order. However, this court should not accept the State's effort to use this appeal as a collateral attack upon the Clay County proceedings.

If the State wished to challenge the legitimacy of the Clay County circuit court's order dismissing with prejudice the case pending there, it should have done so in Clay County. The State cannot acquiesce (through the actions of the Clay County State's Attorney) to a dismissal with prejudice in Clay County and then, in effect, try to mount a collateral attack upon that order when it serves to bar a petition to revoke probation in another county of this state.