THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL DANIELS, Defendant-Appellee.

First District (6th Division)   No. 1—88—0355

Opinion filed October 20, 1989.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and Gael O'Brien, Assistant State's Attorneys, of counsel), for the People.

Randolph N. Stone, Public Defender, of Chicago (Tina Liebling, Assistant Public Defender, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

The State appeals from a trial court order dismissing the indictment against defendant, Michael Daniels, for violation of the speedy trial statute. The State contends that the court improperly dismissed the indictment because the *nolle prosequi* sought and obtained by the State tolled the running of the speedy trial period.

On January 31, 1987, defendant was arrested for possession of a controlled substance and was taken into custody. On February 26, 1987, defendant appeared for a preliminary hearing. The court denied the State's request for a continuance to await the laboratory report on the analysis of the seized substance. The State was allowed to nol-pros the charges pending against defendant due to its inability to obtain the laboratory report.

On March 17, 1987, the laboratory analysis was complete. On August 12, 1987, an indictment was returned against defendant. Defendant moved to dismiss the indictment, alleging a violation of his right to a speedy trial. The court found the *nolle prosequi* did not toll the statute for speedy trial purposes and granted the motion to dismiss.

■ The speedy trial statute provides as follows:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***.

(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***.
***

(d) Every person not tried in accordance with subsections (a), (b), and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance."
(Ill. Rev. Stat. 1987, ch. 38, pars. 103—5(a) through (d).)

Thus, the statute by definition applies only to persons either in custody or on bail or recognizance. Accordingly, the speedy trial provisions are inoperative unless charges are pending against defendant. *People v. Stinnett* (1988), 166 Ill. App. 3d 1027, 520 N.E.2d 1204; *People v. Sanders* (1980), 86 Ill. App. 3d 457, 407 N.E.2d 951.

Defendant points out, however, that the speedy trial statute has been held to apply in those situations in which the charges against a defendant have been stricken with leave to reinstate (SOL). (See *People v. Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208.) Defendant maintains, and the trial court found, that the speedy trial provisions apply

with equal force when a *nolle prosequi* has been entered on a charge. We believe the trial court erred in its conclusion.

■ When a charge has been stricken with leave to reinstate, the *same* charge subsequently may be reinstated. (*People v. Toney* (1978), 58 Ill. App. 3d 364, 374 N.E.2d 695.) In fact, the same charge continues to lie against the accused and may be resurrected upon the State's motion at any time. (*People v. Griffin* (1978), 58 Ill. App. 3d 644, 374 N.E.2d 1031.) Accordingly, this court has held that the statutory speedy trial term continues to run after the charges have been stricken with leave to reinstate as long as defendant demands trial. *People v. Griffin* (1978), 58 Ill. App. 3d 644, 374 N.E.2d 1031.

■ When a *nolle prosequi* is entered on a particular charge, however, that charge is terminated, and the defendant is free to go wherever he pleases, without entering into recognizance to appear at any time. (*People v. Watson* (1946), 394 Ill. 177, 68 N.E.2d 265; *People v. Woolsey* (1989), 180 Ill. App. 3d 534, 536 N.E.2d 147.) It is true that the decision to nol-pros a charge lies within the discretion of the State and could be used to manipulate proceedings in the same way as an SOL. (*People v. Sanders* (1980), 86 Ill. App. 3d 457, 407 N.E.2d 951.) Nevertheless, unlike the SOL, the *nolle prosequi* requires the institution of a new and separate proceeding to prosecute a defendant for that offense. (*People v. Stinnett* (1988), 166 Ill. App. 3d 1027, 520 N.E.2d 1204; *People v. Sanders* (1980), 86 Ill. App. 3d 457, 407 N.E.2d 951.) After a *nolle prosequi* is entered on the charge against a defendant, that defendant is under no more jeopardy than any other citizen. *Cf. United States v. Flores* (2d Cir. 1974), 501 F.2d 1356.

■ There are sufficient differences between an SOL and a *nolle prosequi* to warrant a conclusion that the statutory period of the speedy trial act is tolled by a *nolle prosequi* when the defendant is neither in custody nor on bail or recognizance. (See *People v. Sanders* (1980), 86 Ill. App. 3d 457, 407 N.E.2d 951.) Thus, we find that the trial court improperly determined that defendant's right to a speedy trial had been violated.

Significantly, we note that there is no evidence in the record to support defendant's allegation that the *nolle prosequi* was an attempt by the State to evade the speedy trial act. At the preliminary hearing, the State sought a continuance because the crime laboratory had not completed the laboratory analysis. When the trial court denied this motion, the State elected to request a *nolle prosequi* rather than to proceed without the results of the laboratory analysis. In light of the probable cause requirements at the preliminary hearing (see *People v. Bonner* (1967), 37 Ill. 2d 553, 229 N.E.2d 527), we do not believe the

State's election was unreasonable.

Defendant urges affirmance based on the right to a speedy trial under section 8 of article I of the Illinois Constitution (Ill. Const. 1970, art. I, §8). Defendant maintains that constitutional protections must be invoked in this case because the State abused its *nolle prosequi* power in its attempt to evade the speedy trial act. Because we have determined that the record reveals no indication that the State was attempting to evade the speedy trial act when it requested a *nolle prosequi*, we need not consider defendant's contention.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings consistent with the holdings contained herein.

Judgment reversed and remanded.

EGAN, P.J., and QUINLAN, J., concur.