THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RAYMOND RYAN, Defendant-Appellee.

Second District  No. 2—92—0397

Opinion filed March 21, 1994.

Paul A. Logli, State's Attorney, of Rockford (F. James Brun V, Assistant State's Attorney, and William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Thomas O. Meyer and Timothy F. Horning, both of Meyer & Associates, of Rockford, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

After the trial in this case started, defendant, Raymond Ryan, moved to dismiss the indictment. The trial court granted the motion because of defects in the indictment, and defendant was subsequently

reindicted. The issue raised is whether the reindictment violated constitutional protections against double jeopardy.

Defendant was charged by indictment with two counts of theft. Count I alleged that the property taken had a value in excess of $100,000, and count II alleged a property value in excess of $10,000. After the jury was sworn and testimony began, the defendant moved to dismiss both counts, contending that the indictments were defective because they alleged values over $100,000 and $10,000 while the statutes that designated those values as greater felony classifications were not enacted until after the crime was committed. A motion by the prosecutor for leave to amend the bill of indictment was denied, as was defendant's motion to dismiss, and the trial continued with cross-examination of the first witness and direct examination of a second witness. The prosecutor then moved to dismiss count I and proceed on count II. Following a recess, the trial judge, Judge Smith, again considered the parties' motions. Ultimately finding that there was no statute to support count II and that there was merit in defendant's position, the court granted both parties' motions and dismissed the charges.

The State subsequently secured a one-count reindictment of defendant. With the exception of the dollar amount, the new indictment alleged precisely the same basic facts as had been alleged in both count I and count II of the earlier indictment. The sole count of the new indictment asserted a value in excess of $300. This new dollar amount brought the charge into conformity with the statute effective at the time of the offense. (Ill. Rev. Stat. 1983, ch. 38, pars. 16—1(a)(1), (e)(3) (now codified, as amended, at 720 ILCS 5/16—1(a)(4)(A), (b)(4) (West 1992)).) The new case was assigned to Judge Agnew. Defendant again moved to dismiss, asserting that further prosecution was violative of the double jeopardy clause. Finding that Judge Smith had dismissed count II of the earlier case with prejudice, Judge Agnew ruled that the dismissal was a final order and that jeopardy had attached. Accordingly, he granted defendant's motion and dismissed the case.

The State moved for reconsideration, but Judge Agnew denied the motion, stating as grounds that the original indictments had been valid; that the original prosecution, therefore, had been terminated improperly; and that the matter could not now be reprosecuted. The State timely filed this appeal.

The State first contends Judge Agnew erred in finding that Judge Smith dismissed the earlier case with prejudice. While defendant's motion sought dismissal "with prejudice," Judge Smith did not use those words in orally announcing his decision. He merely granted the

motion and added that "[t]he charges are dismissed." Defendant posits essentially that, since his motion requested dismissal with prejudice, and Judge Smith granted the motion and returned his bond money, the case was dismissed with prejudice. We disagree.

■ A dismissal with prejudice constitutes an adjudication on the merits of the case which is conclusive of the rights of the parties and, in a criminal context, is tantamount to an acquittal. (*People v. Creek* (1983), 94 Ill. 2d 526, 531-33.) The constitutional guarantee against double jeopardy provides protection against a second prosecution on the same charge after acquittal. (*People v. Stefan* (1992), 146 Ill. 2d 324, 333, citing *Illinois v. Vitale* (1980), 447 U.S. 410, 415, 65 L. Ed. 2d 228, 235, 100 S. Ct. 2260, 2264; *Creek*, 94 Ill. 2d at 532.) These rules leave no doubt that, if Judge Smith dismissed count II of the original indictment with prejudice, double jeopardy indeed barred the reindictment of defendant. The record, however, does not reflect that the dismissal was with prejudice.

First of all, despite defendant's clear motion for relief "with prejudice," the trial court's oral pronouncement merely stated that the charges were dismissed. Judge Smith did not specify that he dismissed with prejudice. Nor is there a written order showing the nature of the dismissal. It appears no separate order was entered into the record. The State cites to a document labeled "Witness and Jury Record" which contains the only written reference to the dismissal that we have been able to find. It states only, "[c]ase dismissed, jury discharged," and speaks nothing of a dismissal with prejudice. All in all, the record of the trial court's order, on its face, cuts against defendant's argument.

Even if we look beyond the actual pronouncement made by the court, we find little support for defendant's position. A trial court order is to be interpreted in its entirety, taking into consideration other parts of the record, including the pleadings, the motions before the court, and the issues to be decided. (*Granville Beach Condominium Association v. Granville Beach Condominiums, Inc.* (1992), 227 Ill. App. 3d 715, 720; *City of Chicago v. American National Bank & Trust Co.* (1988), 171 Ill. App. 3d 680, 687.) An order should be construed reasonably so as to give effect to the discernible intent of the court. (*Granville Beach*, 227 Ill. App. 3d at 720; *Baldi v. Chicago Title & Trust Co.* (1983), 113 Ill. App. 3d 29, 33.) We have carefully examined the transcript of the arguments and discussions between the court and both counsel regarding defendant's motion to dismiss. Without exception those discussions related to the defects in the bill of indictment. They revealed issues such as which statute controlled, whether the State could amend the indictment, and whether the

State could proceed on both or only one count or could proceed at all. It is clear to us that the issues drawn, and the context in which the order was announced, had nothing to do with the merits of the case.

The remarks preceding his ruling are also persuasive that when Judge Smith dismissed the case he was concerned with the infirmities in the charges against defendant rather than the merits. The judge stated: "The Motion is to proceed on Count II of the Indictment as it is alleged now. I think that's a statute that does not exist at this time. I feel the Defendant's position has merit here and I grant *** the Defendant's Motion to Dismiss." Even defendant does not dispute that the trial court granted his motion to dismiss because of the defects in count II of the indictment.

■ Collectively, the context in which the trial judge ruled, the issues he was deciding, and the judge's own observations about the defendant's motion demonstrate that he did not intend his order to be a final adjudication on the merits, amounting to an acquittal of defendant. In fact, we see nothing in the record to show that the dismissal was with prejudice, except for the motion itself. While defendant no doubt intended that the charges should be dismissed with prejudice, that is not enough for us to find that, in fact, they were so dismissed. Since the order did not amount to an acquittal, it did not bar the reindictment of defendant on the same charge.

■ The State next attacks Judge Agnew's ruling, made upon reconsideration, that reprosecution was barred because the original indictments had been valid and, therefore, were wrongly dismissed in the first proceeding. The court relied on section 3—4(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 3—4(a)(3) (now 720 ILCS 5/3—4(a)(3) (West 1992))), which states in pertinent part:

"A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosection:

* * *

(3) Was terminated improperly after the jury was impaneled and sworn ***."

Focusing on the undisputed fact that the jury had been impaneled and sworn, the defendant insists he could not be reprosecuted. However, in light of other undisputed facts, defendant cannot succeed on this argument.

It is true that in a jury trial jeopardy attaches when a jury is impaneled and sworn. (*Serfass v. United States* (1975), 420 U.S. 377, 388, 43 L. Ed. 2d 265, 274, 95 S. Ct. 1055, 1062; *People v. Jackson* (1987), 118 Ill. 2d 179, 188, *rev'd on other grounds People v. Stefan* (1992), 146 Ill. 2d 324.) However, it is also true that double jeopardy

is not implicated where, as here, the defendant himself sought to have his trial terminated without any submission of the issue of guilt or innocence to a fact finder. (*United States v. Scott* (1978), 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187.) A motion by the defendant for a mistrial "is deemed to be a deliberate election on his part to forego his valued right to have his guilt or innocence determined before the first trier of fact." (*Scott*, 437 U.S. at 93, 57 L. Ed. 2d at 76, 98 S. Ct. at 2195.) Such a motion by the defendant is generally considered to remove the double jeopardy bar, and the State may reprosecute even when the error that prompted the motion is attributable to the State. (*People v. Williams* (1984), 130 Ill. App. 3d 11, 14-15.) In this case, it was the defendant who moved to dismiss before the matter of his guilt or innocence had been decided.

In a case very similar to this one, *Lee v. United States* (1977), 432 U.S. 23, 53 L. Ed. 2d 80, 97 S. Ct. 2141, the defendant moved to dismiss the information after the prosecutor's opening statement in a bench trial. The trial court tentatively denied the motion subject to further study, and the two-hour trial continued, with the State presenting the testimony of two witnesses. After the conclusion of the State's case and a 15-minute recess, the defense rested without presenting any evidence. The trial court then granted the motion to dismiss, without making any determination as to defendant's guilt or innocence. In holding that the defendant could be tried again, the *Lee* court first made clear that on the facts of the case it did not matter whether the lower court had dismissed the charge, as opposed to declaring a mistrial. The court said that, as in cases involving a mistrial, it was evident the dismissal was predicated merely on a prosecutorial error, rather than any judgment that defendant could never be prosecuted for the same offense. Thus, the dismissal did not contemplate an end to all prosecution of the defendant for the offense charged. On the contrary, it had been granted with the expectation of a second prosecution. Hence, even though defendant had moved for dismissal, the *Lee* court relied on the principle, cited above, that a motion by the defendant for a mistrial is generally assumed to remove any barrier to reprosecution. Noting the last-minute timing of the defendant's motion and counsel's failure to request a continuance or otherwise inform the court of the importance of not being placed in jeopardy on a defective charge, the court held that the retrial of the defendant did not violate double jeopardy principles.

Like the defendant in *Lee*, defendant here moved for dismissal after the trial had begun and testimony had been taken. Dismissal ultimately was granted based on the defective indictment, and no determination of defendant's guilt or innocence was ever made. We

think it was apparent from the court's remarks when it first denied defendant's motion that it would reconsider the motion later. Still, defense counsel neither withdrew the motion nor requested a continuance in order to avoid the likelihood of being placed in jeopardy. On these facts, double jeopardy was not a bar to a retrial.

Defendant's attempts to attribute the dismissal to the trial court's own initiative are unavailing. The record is compelling on this point. It is apparent the trial court initially denied the defendant's request because it believed the State was entitled to an opportunity to examine the statutory discrepancies raised by the motion to dismiss. Thus, it was clear the court would consider the motion again, at a later time. Just prior to the noon recess the State, having reviewed the statutes, moved to dismiss count I. The court then recessed, leaving the State's motion, as well as a number of other matters, unresolved. After the recess, the court summarized the events of the morning and heard further argument as to whether the State should be allowed to proceed. Indicating that it felt "the Defendant's position has merit here," the court then granted, first the State's motion dismissing count I, and then defendant's motion as to count II. This sequence of events leaves no doubt in our minds that the court acted on defendant's motion, not its own initiative.

It does not matter that the trial had reached a point where jeopardy had attached, or that the charges were erroneously dismissed in the first trial. Defendant chose not to continue the proceedings before the first trier of fact. Moreover, he chose to end those proceedings on the basis of an error by the prosecutor. Absent a dismissal resulting from a judgment that he could never again be prosecuted, there was no double jeopardy bar to his reindictment.

For the reasons set forth above, the orders of the Winnebago County circuit court, dismissing case No. 91—CF—1331, are reversed, and the matter is remanded for further proceedings.

Reversed and remanded.

McLAREN and COLWELL, JJ., concur.