THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICHARD A. MURRAY, Defendant-Appellee.

Fourth District    No. 4—97—0767

Opinion filed July 8, 1999.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE COOK delivered the opinion of the court:

Defendant was charged with obstructing a peace officer, a Class A misdemeanor. 720 ILCS 5/31—1 (West 1996). The case was set for jury trial on August 28, 1997, one of 30 cases on the jury calendar that day. At the initial call of the cases, about 8:30 a.m., both the State and the defendant announced ready for trial. After the court had narrowed the cases down to two, the case was called again, at which time the State moved for a continuance, due to the absence of witnesses. The motion for continuance was denied, and the proceedings recessed in order to give the State the time to call in witnesses. About 10:45 a.m., the State indicated it had no witnesses available, and the court granted defendant's motion to dismiss the case and discharged the jury. The court indicated it was uncertain when the case could have been continued to and stated the case was dismissed for want of prosecution.

The State appeals the denial of its motion for continuance and the dismissal of the case for want of prosecution.

■ Defendant first argues the State cannot appeal these orders. 145 Ill. 2d R. 604. The State may appeal "from an order or judgment the substantive effect of which results in dismissing a charge for any

of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963 [(Code) (see 725 ILCS 5/114—1 (West 1996))]." 145 Ill. 2d R. 604. After a "trial on the merits," however, "there shall be no appeal from a judgment of acquittal." Ill. Const. 1970, art. VI, § 6. It is not necessary, for an order to be appealable, that it be one specifically listed in section 114—1 of the Code. It is sufficient that the order have the effect of dismissing the charges against the defendant. What appears to be a midtrial termination of the case may in fact be an appealable dismissal. *People v. Marty*, 241 Ill. App. 3d 266, 267-69, 608 N.E.2d 1326, 1327-29 (1993) (mistrial followed by dismissal with prejudice). On the other hand, a midtrial dismissal "for want of prosecution" may be in fact a nonappealable acquittal. *People v. Bean*, 135 Ill. App. 3d 336, 339, 481 N.E.2d 888, 890 (1985). Unfortunately, whether the State has the right to appeal may depend on the merits of the case, making it difficult to determine whether an order is appealable before ruling on it.

■ Most pretrial dismissals under section 114—1 are without prejudice. 725 ILCS 5/114—1 (West 1996). At the pretrial stage it is generally said that a trial court does not have the power to dismiss, with prejudice, a case for want of prosecution. *People v. Harris*, 222 Ill. App. 3d 1089, 1095-96, 583 N.E.2d 1164, 1168 (1991). Important public interests are involved in such a dismissal, and lack of diligence on the part of prosecutors should not automatically result in the defendant going free. Nevertheless, a trial court has the inherent authority to dismiss a charge even for preindictment delay where there has been an unequivocally clear denial of due process. *People v. Valenzuela*, 180 Ill. App. 3d 671, 674, 536 N.E.2d 160, 163 (1989). A trial judge has inherent authority to dismiss an indictment for reasons other than those listed in section 114—1(a), including when the failure to do so will effect a deprivation of due process or result in a miscarriage of justice. *People v. Newberry*, 166 Ill. 2d 310, 313-14, 652 N.E.2d 288, 290 (1995); *People v. Hunter*, 298 Ill. App. 3d 126, 130, 698 N.E.2d 230, 231-32 (1998). In the context of preindictment delay, the court may not dismiss the charge unless there has been a clear showing of actual and substantial prejudice, that the delay was unreasonable or not necessary, and the interests of the defendant outweigh those of the public. *Valenzuela*, 180 Ill. App. 3d at 674, 536 N.E.2d at 163.

■ In considering the court's power to dismiss a case for pretrial delays it is useful to consider the right of the prosecutor to seek a *nolle prosequi*. The decision to nol-pros a charge lies within the discretion of the prosecutor, and a trial court may not deny the motion under normal circumstances. The authority to nol-pros extends through all stages of the trial procedure. *People v. Davies*, 136 Ill. App.

3d 212, 214-15, 483 N.E.2d 435, 437 (1985). A court must allow the State's Attorney to enter a *nolle prosequi* unless it is persuaded that the prosecutor's action is capricious or vexatiously repetitious or that the entry of a *nolle prosequi* will prejudice the defendant. *People v. Woolsey*, 139 Ill. 2d 157, 164, 564 N.E.2d 764, 766 (1990) (court should have heard speedy-trial motion before allowing State to nol-pros). A *nolle prosequi* ordinarily terminates pending charges and tolls the "speedy-trial" period until the State reinstates the charges. A *nolle prosequi* will not toll the "speedy-trial" period if the State uses it to cause delay or to avoid statutory limitations. *In re A.F.*, 282 Ill. App. 3d 930, 932, 668 N.E.2d 1168, 1170 (1996).

Considerations change once the trial has begun. Even where there has been no acquittal an accused has some right to have his trial concluded before the first jury that is impanelled. *People v. Harbold*, 262 Ill. App. 3d 1067, 1069, 635 N.E.2d 900, 902 (1994). A *nolle prosequi* after jeopardy attaches amounts to an acquittal and a bar to prosecution. *People v. Blake*, 287 Ill. App. 3d 487, 491, 678 N.E.2d 761, 764 (1997); 720 ILCS 5/3—4(a)(3) (West 1996). However, double jeopardy does not bar reprosecution when a defense-requested mistrial is attributable merely to prosecutorial or judicial error. Neither does appellate reversal for trial error preclude retrial under the double jeopardy clause. *People v. Mink*, 141 Ill. 2d 163, 173, 565 N.E.2d 975, 979 (1990). Double jeopardy bars retrial in mistrial situations only where the prosecution intended to "goad" the defendant into requesting a mistrial. *People v. Placek*, 184 Ill. 2d 370, 378, 704 N.E.2d 393, 397 (1998); *Mink*, 141 Ill. 2d at 173, 565 N.E.2d at 979.

■ It is improper for the court to convene a trial for the purpose of terminating it with prejudice. When the State requests a continuance before the trial has begun, it is improper for the court to call the case for trial and then acquit defendant when the State produces no evidence. Such a trial is a sham trial and does not bar retrial. *People v. Deems*, 81 Ill. 2d 384, 388-89, 410 N.E.2d 8, 10-11 (1980).

■ The trial in this case had not begun for purposes of double jeopardy. Jeopardy attaches when the jury is impanelled and sworn. *Marty*, 241 Ill. App. 3d at 269, 608 N.E.2d at 1329; 720 ILCS 5/3—4(a)(3) (West 1996). Trial was imminent in this case, however, where the venire was present in the courtroom and the State had announced ready for trial. The present case is accordingly more aggravated than the three situations presented in *Harris*, where the State immediately moved for a continuance when the case was called for trial. In those three situations the State stood on its motion for continuance, did not request a *nolle prosequi*, and declined the opportunity to participate or present evidence, after which the court entered a judgment of acquit-

tal. The appellate court reversed the judgments of acquittal and remanded for a new trial. The present case differs from *Harris* in that the trial court did not conduct a trial in the present case or enter an acquittal or indicate that the case was being dismissed with prejudice. *Harris* was sympathetic with a trial court's need to control its docket, but held "the procedure employed in these cases [acquittal] was improper," and suggested the court enforce its orders through the use of its inherent contempt powers. *Harris*, 222 Ill. App. 3d at 1096, 583 N.E.2d at 1169. *Harris* does not indicate that a court is always required to grant the State's motion for continuance, even when that motion is made at the last possible moment. "Our legal system cannot work efficiently if continuances are readily available on the day of trial." *Sinram v. Nolan*, 227 Ill. App. 3d 241, 243, 591 N.E.2d 128, 129 (1992); 134 Ill. 2d R. 231(f).

It is informative to consider the unusual situation presented in *People v. Ortiz*, 151 Ill. 2d 1, 600 N.E.2d 1153 (1992). In *Ortiz* the circuit court denied the State's midtrial motion for a two-hour continuance and then granted defendant's motion to dismiss. The circuit court later granted a motion to reconsider its dismissal and a trial was conducted at which defendant was found guilty. The supreme court found no double jeopardy violation, but certainly did not suggest a trial court is always required to grant the prosecutor's midtrial requests for a continuance. In *Bean*, a midtrial dismissal after one continuance was granted was considered to be an acquittal for failure to produce sufficient evidence. *Bean*, 135 Ill. App. 3d at 341, 481 N.E.2d at 892; see also *People v. Holman*, 130 Ill. App. 3d 153, 157, 474 N.E.2d 391, 394 (1985) (midtrial denial of continuance barred retrial either as improper termination of trial or as acquittal). In *Ortiz* the supreme court found *Bean* inapplicable, noting the *Ortiz* prosecutor had not attempted to harass the defendant, the trial court did not intend to enter a dismissal with prejudice, the trial court made no effort to exercise discretion in granting the dismissal, and it was the defendant who sought termination in midtrial on grounds unrelated to guilt or innocence. *Ortiz*, 151 Ill. 2d at 11-16, 600 N.E.2d at 1157-59.

The dismissal in the present case was not a dismissal with prejudice. The dismissal here was a pretrial dismissal which did not bar reprosecution. The trial court did not attempt to terminate prosecution by the use of a "sham proceeding." The State accordingly has little to complain of. The trial court did not abuse its discretion in denying the

prosecution's motion for a continuance and had the right to dismiss this action without prejudice, for want of prosecution.

Affirmed.

KNECHT, P.J., and MYERSCOUGH, J., concur.