Filed 3/28/08          NO. 4-06-0907

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,  )   Appeal from
          Plaintiff-Appellant,        )   Circuit Court of
          v.                          )   Macon County
JASON D. GILL,                        )   No. 06CF699
          Defendant-Appellee.         )
                                      )   Honorable
                                      )   Scott B. Diamond,
                                      )   Judge Presiding.
_____

          JUSTICE STEIGMANN delivered the opinion of the court:

          In May 2006, the State charged defendant, Jason D.

Gill, with predatory criminal sexual assault of a child (720 ILCS

5/12-14.1(a)(1) (West 2004)).  In September 2006, defendant moved

to bar prosecution, arguing that the trial court's prior dis-

missal of the same offense in an earlier Macon County case barred

further prosecution.  Following an October 2006 hearing, the

trial court granted defendant's motion.

          The State appeals the trial court's granting of defen-

dant's motion, and we reverse and remand for further proceedings.

                         I. BACKGROUND

          In March 2005, the State charged defendant in Macon

County case No. 05-CF-298 with predatory criminal sexual assault

of a child (720 ILCS 5/12-14.1(a)(1) (West 2004)).  The informa-

tion alleged that "on or about April 2003," defendant, who was 17

years of age or older, committed an act of sexual penetration

with K.G., who was then under 13 years of age.  The record shows that K.G. was (1) four years old at the time of the offense and (2) defendant's daughter.

In January 2006, defendant filed a motion to dismiss or, alternatively, for a bill of particulars.  The motion provided, in pertinent part, as follows:  (1) K.G. had made statements indicating that the alleged offense occurred in Decatur, (2) defendant had confessed to sexually assaulting K.G. in Texas, (3) the trial court should dismiss the case because it would have jurisdiction only if the alleged incident occurred in Illinois, (4) the State cannot prove jurisdiction beyond a reasonable doubt, and (5) if the court declined to dismiss the case, the State should be required to provide a bill of particulars.

In February 2006, the State filed a motion to dismiss the charge against defendant, which stated, in pertinent part, as follows:  (1) K.G. reported that the alleged offense occurred at her paternal grandparents' home, but she was unable to provide a time frame as to when the sexual assault occurred; (2) the paternal grandparents lived in Texas during 2003, and for part of the time, K.G. and defendant lived with them; (3) defendant confessed to sexually assaulting K.G. but stated that the offense occurred in Portland, Texas, in April or May 2003; (4) K.G.'s mother reported that she, defendant, and K.G. resided in Texas between July 2003 and October 2003 and then lived in Macon

County, Illinois, from October 2003 to April 2004; and (5) due to K.G.'s age and her understandable inability to recall when the offense occurred or where her grandparents lived at the time of the offense, the State cannot prove beyond a reasonable doubt that Illinois is the appropriate jurisdiction for prosecution. That same day, without defendant's objection, the trial court (1) granted the State's motion, (2) dismissed the case, and (3) "discharged [defendant] from custody in this cause."

In May 2006, the grand jury indicted defendant herein in Macon County case No. 06-CF-699 for predatory criminal sexual assault of a child. The indictment was identical to the allegations of the indictment in case No. 05-CF-298.

In September 2006, defendant filed a motion to bar prosecution, arguing, in pertinent part, as follows: (1) the State had previously charged defendant with the same offense in case No. 05-CF-298; (2) case No. 05-CF-298 "was dismissed, as opposed to nolle prossed [sic], on motion of the State[,] and at the time of the dismissal[,] counsel for the State made the admission in open court that the State could not prove jurisdiction beyond a reasonable doubt"; and (3) based upon the principles of double jeopardy, collateral estoppel, and judicial estoppel, the State was precluded from further prosecuting defendant.

At an October 2006 hearing on defendant's motion to bar

- 3 -

prosecution, the trial court took judicial notice of the motions filed in Macon County case No. 05-CF-298. Defense counsel argued that it would be unfair to categorize the State's motion to dismiss in case No. 05-CF-298 "as some type of dismissal which would allow refiling" when the motion was filed in the "face of a case-dispositive motion." Counsel also pointed out that the State could have nol-prossed the case or dismissed it with leave to reinstate but did not.

In response, the prosecutor pointed out that (1) the trial court had not dismissed case No. 05-CF-298 with prejudice and (2) the State filed case No. 06-CF-699 after the State obtained information it did not have when it filed the motion to dismiss case No. 05-CF-298. The prosecutor also stated that (1) the State moved to dismiss case No. 05-CF-298 because although K.G. recalled that the assault occurred in her grandparents' home, she could not remember when it occurred; (2) jurisdiction was then uncertain because it was unclear whether the incident occurred in Texas or Decatur, Illinois; (3) after the dismissal of case No. 05-CF-298, K.G. was able to describe to police the residence where the assault occurred; and (4) her description of the residence matched the grandparents' Decatur residence.

After considering counsel's arguments, the trial court granted defendant's motion to bar prosecution. In so doing, the court noted that the State's motion to dismiss case No. 05-CF-298

- 4 -

stated, "Wherefore the People pray the above cause is dismissed." The court then observed:

> "It clearly wasn't nolle prossed [sic]. It clearly wasn't dismissed with leave to reinstate. So I'm going to find that they dismissed it based on a factual finding. They didn't feel they could prove the case beyond a reasonable doubt, that they didn't have jurisdiction in the case."

The State later filed its certificate of impairment, and this appeal followed.

## II. ANALYSIS

The State argues that the trial court erred by granting defendant's motion to bar prosecution. In response, defendant argues that the court's granting of his motion was proper. Specifically, he contends--as he did below--that (1) the State's February 2006 dismissal motion was not a motion to dismiss with leave to reinstate and, instead, constituted a motion to dismiss with prejudice; and (2) the State could have chosen to nol-pros case No. 05-CF-298, but it did not. Because we conclude that defendant's contentions have no merit, we agree with the State that the court erred by granting defendant's motion to bar prosecution.

### A. State's Motion To Dismiss

The determinative issue in this case is the effect of the State's February 2006 motion to dismiss. Complicating resolution of that issue is the terminology the trial court used --namely, nolle prosequi and dismissal with leave to reinstate. We discuss such pleadings below.

### 1. Nolle Prosequi

A prosecutor's motion to dismiss a charge would seem to clearly convey not only the State's intention, but also what the result of granting the State's motion would be. Nonetheless, prosecutors sometimes instead make a nolle prosequi motion regarding an indictment in a case. Such a motion, which is rooted in English common law and dates back to the latter half of the 1600s (People ex rel. Hoyne v. Newcomer, 284 Ill. 315, 320, 120 N.E. 244, 246 (1918)), has precisely the same effect as a simple motion to dismiss. In People v. Norris, 214 Ill. 2d 92, 104, 824 N.E.2d 205, 213 (2005), our supreme court described a nolle prosequi as follows:

> "A nolle prosequi is a formal entry of
> record by the prosecuting attorney which
> denotes that he or she is unwilling to prose-
> cute a case. 21 Am. Jur. 2d Criminal Law
> §770 (1981). This court has recognized:
>
> > '"A nolle prosequi is not a final
> > disposition of the case, and will

not bar another prosecution for the same offense. It is not an acquittal, but it is like a nonsuit or a discontinuance in a civil suit, and leaves the matter in the same condition in which it was before the commencement of the prosecution." [Citation.] Again, it has been said that the ordinary effect of a nolle prosequi is to terminate the charge to which it is entered and to permit the defendant to go wherever he pleases, without entering into a recognizance to appear at any other time. If it is entered before jeopardy has attached, it does not operate as an acquittal, so as to prevent a subsequent prosecution for the same offense.' People v. Watson, 394 Ill. 177, 179[, 68 N.E.2d 265, 266] (1946).

Thus, when a nolle prosequi is entered before jeopardy attaches, the State is entitled to refile the charges against the defendant.

*Watson*, 394 Ill. at 179[, 68 N.E.2d at 266].
The State is not barred from proceeding upon
a refiled charge 'absent a showing of harass-
ment, bad faith, or fundamental unfairness.'
[Citation.]"

In addition, in *People v. Daniels*, 187 Ill. 2d 301, 312, 718 N.E.2d 149, 157 (1999), the supreme court wrote that "[a] motion to nol-pros is comparable to a motion to dismiss."

Generally, the State has an absolute right to dismiss or move to nol-pros a criminal case at any time. However, the State must obtain the trial court's consent for a *nolle prosequi*, and the court has discretion to review the State's request to determine whether that action (1) is capriciously or vexatiously repetitious or (2) will cause substantial prejudice to the defendant, such as the State's effort to cause delay or avoid the effect of the speedy-trial provisions of section 103-5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/103-5 (West 2006)). *People v. Castillo*, 372 Ill. App. 3d 11, 17, 865 N.E.2d 208, 215 (2007).

### 2. Dismissal With Leave To Reinstate

A second form of a motion to dismiss that prosecutors sometimes use is called a motion to strike (or dismiss) with leave to reinstate. These motions to dismiss (or motions "SOL" ("stricken on leave") as they are commonly called in Cook County

--the only county in Illinois that regularly seems to use such motions) have been discussed in the context of a defendant who raises a speedy-trial challenge because motions SOL can have a different effect than a motion to dismiss. In Ferguson v. City of Chicago, 213 Ill. 2d 94, 100, 820 N.E.2d 455, 459 (2004), the supreme court discussed motions SOL as follows:

> "An order striking a case with leave to reinstate, while not provided for by any rule or statute, is common practice in the circuit court of Cook County. It is used almost exclusively in criminal cases. [Citation.] Where a case is stricken with leave to reinstate, the matter remains undisposed of. The same charges continue to lie against the accused, albeit in a dormant state. [Citation.] The matter may still be placed on the docket and brought to trial if there is a subsequent motion to reinstate. [Citation.] Accordingly, the courts of Illinois have consistently recognized that the striking of charges with leave to reinstate does not terminate the proceedings against the accused. [Citations.] Indeed, our court has expressly held that an SOL order excludes the

- 9 -

conclusion that the case is at an end."

(Emphasis added.)

In People v. Daniels, 190 Ill. App. 3d 224, 226, 546 N.E.2d 645, 647 (1989), the First District explained that when a charge has been stricken with leave to reinstate, the same charge may later be reinstated. "In fact, the same charge continues to lie against the accused and may be resurrected upon the State's motion at any time." Daniels, 190 Ill. App. 3d at 226, 546 N.E.2d at 647. The Daniels court added the following:

> "[U]nlike the SOL, the nolle prosequi re-
> quires the institution of a new and separate
> proceeding to prosecute a defendant for that
> offense. [Citations.] After [the] nolle
> prosequi is entered on the charge against a
> defendant, that defendant is under no more
> jeopardy than any other citizen." Daniels,
> 190 Ill. App. 3d at 226, 546 N.E.2d at 647.

B. Motion To Dismiss in This Case

Defendant suggests that the prosecutor should have filed a motion for a nolle prosequi or a motion SOL. We disagree.

As the supreme court noted in Ferguson, motions SOL are a common practice in criminal proceedings in the circuit court of

Cook County, and it is our fervent hope that this strange and unnecessary practice will not seep out beyond that county's borders. As the supreme court pointed out in Ferguson, motions SOL are "not provided for by any rule or statute." Ferguson, 213 Ill. 2d at 100, 820 N.E.2d at 459. The absence of any such authority should give pause to prosecutors who think using these alternatives to a simple and straightforward "motion to dismiss" is somehow justified or appropriate. Further, we note that if 101 other counties of the State of Illinois, comprising more than 50% of the State's population, can somehow deal with their criminal cases without using motions SOL, then perhaps Cook County prosecutors should rethink their use of the archaic practice of motions SOL.

In addition, we do not view the instances in which the Supreme Court of Illinois has been forced to construe the terms "nolle prosequi" and "motion SOL" as somehow containing any approval by that court that these terms should be used. Instead, the court was merely deciding the cases before it. For instance, at issue in Ferguson was the effect of having misdemeanor charges dismissed (pursuant to a motion SOL) on a plaintiff who brought a civil action against the City of Chicago for malicious prosecution. Thus, the supreme court had to determine whether the motion SOL had the effect of terminating the case, and it determined that "charges stricken with leave remain pending." Fergu-

son, 213 Ill. 2d at 102, 820 N.E.2d at 461.  In support of our view, we note that the supreme court recently quoted with approval a decision from the Seventh Circuit Court of Appeals as follows:  "'Lesson Number One in the study of law is that general language in an opinion must not be ripped from its context to make a rule far broader than the factual circumstances which called forth the language.'"  Rosewood Care Center, Inc. v. Caterpillar, Inc., 226 Ill. 2d 559, 572, 877 N.E.2d 1091, 1098 (2007), quoting Federal Deposit Insurance Corp. v. O'Neil, 809 F. 2d 350, 354 (7th Cir. 1987).

As the foregoing discussion shows, both defense counsel and the trial court were mistaken when they criticized the prosecutor for simply moving to dismiss the charge, albeit with a written explanation for why she chose to do so.  The contentions that the prosecutor should have instead filed a motion for a nolle prosequi or made a motion SOL are wholly without merit. Indeed, we commend the prosecutor for not using either of those other terms, the use of which would have served only to obfuscate the nature of the proceedings.

C. The Prosecutor's Written Explanation in the Motion To Dismiss

Below, the trial court and defense counsel attached significance to the explanation the prosecutor provided in her motion to dismiss for why the State was taking that action. Under the particular circumstances of this case, we can under-

stand why the prosecutor sought to provide this explanation. Even if her doing so was unwise, nothing about that explanation changed the nature of the State's motion to dismiss. Thus, in February 2006, when the trial court granted the State's motion to dismiss, defendant was no longer subject to any charge and was free "'to go wherever he please[d].'" Norris, 214 Ill. 2d at 104, 824 N.E.2d at 213, quoting Watson, 394 Ill. at 179, 68 N.E.2d at 266. Accordingly, we deem the prosecutor's inclusion of reasons for making her motion to dismiss to be without any legal significance.

D. State Dismissals with Prejudice in Criminal Cases

Illinois law is clear that the State may dismiss a charge "with prejudice" and that the effect of the State's doing so is to subsequently bar the State from prosecuting the same defendant for the same offense based on the same facts. People v. Creek, 94 Ill. 2d 526, 531, 447 N.E.2d 330, 332 (1983). As the supreme court explained in Creek, the term "with prejudice" has

> "a well-recognized legal import; it is the
> converse of the term 'without prejudice' and
> it is as conclusive of the rights of the
> parties as if the suit had been prosecuted to
> a final prosecution adverse to the
> complaint.' [Citations.] While the phrase

- 13 -

is not encountered in connection with criminal proceedings as frequently as it may be in civil matters, the meaning is the same regardless of the context." Creek, 94 Ill. 2d at 531-32, 447 N.E.2d at 332-33.

In addition, in People v. Rudi, 103 Ill. 2d 216, 224, 469 N.E.2d 580, 584 (1984), the supreme court rejected a defendant's claim that a subsequent prosecution against him should have been barred on the ground of double jeopardy and wrote the following:

"No factual issues were resolved in favor of the defendant, as they are when the case is decided after the State has begun its presentation of evidence [citation] or when the State's Attorney acquiesces in an order dismissing the charges against the defendant with prejudice ([Creek, 94 Ill. 2d at 531, 447 N.E.2d at 332])." (Emphasis in original.)

Thus, although Illinois law is clear that the State may move to dismiss a case with prejudice, we still must determine whether the State did so in this case.

### E. The Trial Court's Decision

At the October 2006 hearing where the trial court granted defendant's motion to bar prosecution, the court

- 14 -

explained its ruling, in part, by first noting that the charge against defendant "clearly wasn't nolle prossed [sic] *** [or] dismissed with leave to reinstate." However, as previously explained, these distinctions are meaningless and, in this case, without substance. The State's motion to dismiss was all the action the State needed to take to terminate the prosecution of defendant in case No. 05-CF-298. That the State elected to provide a written explanation for taking that action was legally without significance. By making a motion to dismiss, the State committed itself, at that time, to terminating defendant's prosecution. Further, as discussed below, because the State's motion to dismiss was not with prejudice, the State was free to refile these charges (as it did) at any time before the applicable statute of limitations would bar the State from prosecuting defendant on these charges.

We note this latter point because it further demonstrates the archaic silliness of a State's motion SOL, seeking to dismiss charges with leave to reinstate, when the State, had it merely dismissed the charges, could always reinstate them by merely charging the defendant once again. As noted, unless the motion to dismiss was with prejudice or the statute of limitations had run, or--in the unusual case--the trial court determined that the motion to dismiss was for the purpose of circumscribing the defendant's speedy-trial rights, a

defendant would have no basis to seek to dismiss the refiled charges.

The trial court also explained its granting of defendant's motion to bar prosecution by stating that it was "going to find that [the State] dismissed it based on a factual finding. [The State] did not feel [it] could prove the case beyond a reasonable doubt, that [it] didn't have jurisdiction in the case." This determination was wholly erroneous.

As the supreme court noted in Creek, 94 Ill. 2d at 532, 447 N.E.2d at 332-33, State motions to dismiss with prejudice are not common. By making a motion to dismiss with prejudice, the State is, in effect, barring itself from ever again charging this same defendant with the same crime on the same facts, and it is taking that action (1) no matter how serious the crime may be or (2) despite the fact that it might later discover strong evidence of the defendant's guilt. As a matter of tactics, one is hard pressed to see why the State would take such action, especially-- as here--in the absence of any agreement with defendant.

A trial court should never be permitted to infer the State's intent to dismiss with prejudice, as the court did here. The stakes are simply too great. Accordingly, we hold that before a trial court may determine that the State is dismissing a charge with prejudice, the prosecutor must clearly and explicitly state that she is doing so. Anything short of such a statement

- 16 -

does not constitute a dismissal with prejudice.  Accordingly, we conclude that the trial court erred by inferring that the State intended to dismiss with prejudice.

F. Defendant's Groundless Motion To Dismiss

As a last matter, we address defendant's January 2006 motion to dismiss, in which he asserted that based upon the discovery he had been provided, the State would not be able to prove at trial that his sexual assault of his daughter occurred in the State of Illinois.  Based upon this assertion, defendant claimed that (1) the trial court lacked jurisdiction and (2) the case should be dismissed pursuant to section 144-1(a)(6) of the Code of Criminal Procedure of 1963 (725 ILCS 5/114-1(a)(6) (West 2004)).  We choose to address this motion because defense counsel argued at the October 2006 hearing on defendant's motion to bar prosecution that it would be unfair to categorize the State's motion to dismiss in case No. 05-CF-298 "as some type of dismissal which would allow refiling" when that motion was filed in the "face of a case-dispositive motion."  Given that (1) the court granted defendant's motion to bar prosecution and (2) not much argument in support of the motion was presented by defendant, we cannot be sure how much weight, if any, the court gave to defendant's argument about the earlier "case-dispositive motion."  The court would have been mistaken to give any weight whatsoever to that argument because defendant's motion was

- 17 -

completely without merit.

Defendant's motion to dismiss mistakenly equated the State's discovery information with the actual evidence to be presented at trial. Then, asserting that the State had no evidence to present beyond the discovery, defendant moved to dismiss because the State's evidence would not have shown that the alleged sexual assault occurred in Illinois. Such a claim has no place in criminal proceedings.

Defendant's January 2006 motion essentially constituted a motion for summary judgment in a criminal case. That is, defendant asserted that based upon the State's discovery (akin apparently to affidavits or other materials submitted in support of a motion for summary judgment), no genuine issue of material fact existed regarding an essential element of the State's case-- namely, that the alleged sexual assault of the victim occurred in Illinois. Defendant contended that the State was unable to prove this element. Further, because this is an essential element of the State's case, defendant claimed to be entitled to summary judgment (or, in this case, a dismissal) as a matter of law.

The short answer, of course, to defendant's motion is that motions for summary judgment, or anything like them, do not lie in criminal cases. Nor can the State's discovery responses pursuant to Supreme Court Rule 412 (188 Ill. 2d R. 412) be equated with materials described in Supreme Court Rule 191 (210

- 18 -

Ill. 2d R. 191) that parties set forth in affidavits in support of and in opposition to motions for summary judgment.

Under Illinois law, the proceeding in which the parties in a criminal case are required to present the evidence they may possess in support of their respective positions is called the trial. At that point, the State is required to present whatever evidence it possesses and chooses to set before the trier of fact to prove the defendant's guilt beyond a reasonable doubt. However, the State is never required prior to that stage of the proceedings, like a civil plaintiff might be when confronted with a defendant's motion for summary judgment, to demonstrate that it is capable of proving the charge at trial. Instead, in a felony case, once a trial court in a preliminary hearing or a grand jury has determined that probable cause exists regarding a felony charge against the defendant, that case may proceed to trial in due course, and the State is not required to somehow justify its intent to try the defendant by further demonstrating that it possesses sufficient evidence to convict him at trial.

This court has previously rejected a trial court's effort to somehow screen the sufficiency of the State's case to determine whether the State should be permitted to bring the defendant to trial, although the last time we did so, it was in a misdemeanor case. In People v. Soliday, 313 Ill. App. 3d 338, 339, 729 N.E.2d 527, 528 (2000), the State charged the defendant

- 19 -

with misdemeanor criminal damage to property, alleging that he knowingly injured "a domestic animal of Champaign County Rottweiler Rescue," without the consent of the owner. The defendant subsequently filed a motion to dismiss, asserting that, as a matter of law, he could not be found guilty of criminal damage to property because the dog was his property and not "the property of another" as required by section 21-1(1)(d) of the Criminal Code of 1961 (720 ILCS 5/21-1(1)(d) (West 1998)). The defendant attached to his motion a copy of a written agreement between himself and the rescue organization, which obligated him to satisfy various conditions related to the care of the dog. The trial court granted the defendant's motion to dismiss, the State appealed, and this court reversed. We explained, in part, as follows:

"Defendant sought, and was granted, dismissal of the State's charge based on evidence he presented that [the rescue organization] was not the owner of [the dog]. Such evidence, if deemed credible by the trier of fact at trial [(emphasis in original)], would defeat an element of the charged offense ***.

* * *

*** [W]hen addressing a defendant's

- 20 -

motion to dismiss a charge under section 114-1(a)(8), a trial court is strictly limited to assessing the legal sufficiency of the indictment, information, or criminal complaint and may not evaluate the evidence the parties *might* *present* at trial." (Emphases added unless otherwise noted.) Soliday, 313 Ill. App. 3d at 341-42, 729 N.E.2d at 529-30.

We noted in Soliday that the State's Attorney is empowered to bring those charges he or she deems appropriate and is afforded considerable discretion in doing so.  Soliday, 313 Ill. App. 3d at 344, 729 N.E.2d at 531.  We thus concluded as follows: "[N]either a trial court nor an appellate court can evaluate the evidence that the parties *might* *present* at trial when determining whether dismissal under section 114-1(a)(8) of the [Code of Criminal Procedure of 1963] is appropriate.  Because the trial court in this case violated this principle, we reverse its dismissal."  (Emphasis added.)  Soliday, 313 Ill. App. 3d at 343, 729 N.E.2d at 531.

Soliday applies fully to this case.  Just as the trial court in Soliday erred by dismissing the charge under section 114-1(a)(8) of the Code of Criminal Procedure of 1963, so would the trial court here have erred had it granted defendant's motion

- 21 -

under section 114-1(a)(6) on the ground that the State would not be able to present evidence at trial showing that the case was properly being prosecuted in Illinois.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for proceedings consistent with the views expressed herein.

Reversed and remanded.

McCULLOUGH, J., concurs.

COOK, J., specially concurs.

JUSTICE COOK, specially concurring:

I concur in the decision to reverse and remand.

On March 1, 2005, defendant was charged with predatory criminal sexual assault of a child, in Macon County case No. 05-CF-298. After defendant filed a motion to dismiss for lack of jurisdiction, the State moved to dismiss on the grounds it could not prove that Illinois is the appropriate jurisdiction for prosecution. The court granted the State's motion and dismissed the charge and discharged defendant from custody. Three months later, defendant was indicted on the same charge in Macon County case No. 06-CF-699. Defendant moved to dismiss the indictment, now alleging that the previous dismissal barred further prosecution.

Although it does not happen very often, the State may dismiss a criminal prosecution "with prejudice." Creek, 94 Ill. 2d at 532, 447 N.E.2d at 332-33. It is not required that the words "with prejudice" be included in the motion to dismiss, only that there be "an intention to terminate the proceedings in defendant's favor in such a way as to bar further action." Creek, 94 Ill. 2d at 533, 447 N.E.2d at 333. The dismissal of the reckless-homicide charge "with prejudice" in Creek was apparently the result of a prosecutorial mistake, motivated by the prosecutor's desire to take the matter to a grand jury. A driving-while-intoxicated charge had been dismissed earlier but

- 23 -

was not dismissed with prejudice.  That charge was allowed to go forward.  Creek, 94 Ill. 2d at 534, 447 N.E.2d at 333-34.

When a criminal case is "dismissed," the dismissal may be with prejudice or without prejudice.  Some dismissals under section 114-1 are with prejudice; others are not.  725 ILCS 5/114-1(e) (West 2006).  Addition of the language "with prejudice" or "with leave to reinstate" helps make it clear what the dismissal was intended to be.  The trial court may resolve facts on a section 114-1 motion to dismiss.  The State must file an answer when a defendant's motion alleges facts not of record; a hearing must be held if an issue of fact is presented.  725 ILCS 5/114-1(a)(6), (d) (West 2006).  If defendant here had filed a second motion to dismiss for lack of jurisdiction, the trial court would have resolved that motion on the facts.

A trial court has inherent authority to dismiss an indictment for reasons other than those listed in section 114-1(a), including when the failure to do so will effect a deprivation of due process or result in a miscarriage of justice.  People v. Newberry, 166 Ill. 2d 310, 313-14, 652 N.E.2d 288, 290 (1995) (State destruction of evidence).  The dismissal in Newberry was with prejudice, even though it did not use those words.  A case may be dismissed with prejudice on double jeopardy grounds although that reason is not listed in section 114-1(a).

The dismissal in this case was not a section 114-1

- 24 -

dismissal.  It was a dismissal on motion by the State.  The first question we must consider is what the State or the court intended.  A trial court order is to be interpreted in its entirety, taking into consideration other parts of the record, including the pleadings, the motions before the court, and the issues to be decided.  People v. Ryan, 259 Ill. App. 3d 611, 613, 631 N.E.2d 348, 351 (1994).  In Creek, the prosecutor's "purposeful inclusion of the phrase 'with prejudice' in her motion to dismiss, coupled with the signed approval of both parties," showed an intent to dismiss with prejudice.  Creek, 94 Ill. 2d at 533, 447 N.E.2d at 333.  We do not have that in this case.  The record does not disclose any reason why the prosecutor would attempt a dismissal with prejudice.  This was not a case, for example, where there was an agreement that the case would be dismissed if defendant testified in another case.

The second question we must address is whether, regardless of what the State intended, the dismissal must be considered to be with prejudice.  Even a nolle prosequi can amount to an acquittal and a bar to prosecution, if it occurs after jeopardy has attached.  People v. Murray, 306 Ill. App. 3d 280, 283, 713 N.E.2d 814, 817 (1999) (State's motion for continuance on day of trial denied; subsequent dismissal for want of prosecution held to be without prejudice).  Jeopardy, however, does not attach until a trial on the merits begins with either

the swearing of the jury in a jury trial or the swearing of the first witness in a bench trial. Preliminary proceedings heard on motions before trial do not place a defendant in jeopardy. People v. Jaudon, 307 Ill. App. 3d 427, 440-41, 718 N.E.2d 647, 658 (1999). Res judicata also requires a final judgment on the merits. Creek, 94 Ill. 2d at 533, 447 N.E.2d at 333. Judicial estoppel is not a concern here because the State did not take inconsistent positions or receive a benefit therefrom. See People v. Caballero, 206 Ill. 2d 65, 80, 794 N.E.2d 251, 262 (2002). The State did not take the position that Illinois did not have jurisdiction, only that it did not then have sufficient evidence to prove jurisdiction.

Although this was not a dismissal under section 114-1, section 114-1 specifically provides that a dismissal because the court does not have jurisdiction is not a dismissal with prejudice. 725 ILCS 5/114-1(a)(6), (e) (West 2006). In the federal courts, a finding of lack of venue after trial has begun is not a resolution of the merits. "Venue is wholly neutral; it is a question of procedure, more than anything else, and it does not either prove or disprove the guilt of the accused." Wilkett v. United States, 655 F.2d 1007, 1011 (10th Cir. 1981). An order dismissing a case because of defects in an indictment, even after trial began, had nothing to do with the merits of the case, and accordingly did not indicate that the dismissal was with

- 26 -

prejudice.  <u>Ryan</u>, 259 Ill. App. 3d at 614, 631 N.E.2d at 351. The dismissal for jurisdictional reasons here, before jeopardy attached, had nothing to do with the merits of the case and was not with prejudice.