NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 4, 2015[*]
Decided December 9, 2015

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-1728

| | |
|---|---|
| MICHAEL E. FLOURNOY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 14-cv-528-jdp |
| | |
| WINNEBAGO COUNTY SHERIFF'S | James D. Peterson, |
| DEPARTMENT, et al., | *Judge*. |
| *Defendants-Appellees*. | |

**O R D E R**

Michael Flournoy was arrested in July 2012 after an investigation conducted jointly by federal and state authorities. Initially he was charged with drug crimes under Illinois law, but state prosecutors voluntarily dismissed those charges when federal authorities decided to prosecute. A jury in federal court found Flournoy guilty of

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded the case is appropriate for summary disposition. See FED. R. APP. P. 34(a)(2)(C).

conspiracy and attempted possession of cocaine, and the district court sentenced him to a total of 204 months' imprisonment. Flournoy's direct appeal from those convictions remains pending. *See United States v. Flournoy*, No. 14-2325 (7th Cir. filed June 11, 2014). Meanwhile, after he was sentenced, Flournoy filed this action under 42 U.S.C. § 1983. At screening, *see* 28 U.S.C. § 1915A, the district court read Flournoy's amended complaint to allege that he was arrested in July 2012 without probable cause, in violation of the Fourth Amendment. The court dismissed the suit for failure to state a claim, reasoning that Flournoy's own account of the events preceding his arrest establishes the existence of probable cause. *See Fleming v. Livingston Cnty., Ill.*, 674 F.3d 874, 878 (7th Cir. 2012) (noting that existence of probable cause forecloses Fourth Amendment claim alleging false arrest); *Morfin v. City of E. Chicago*, 349 F.3d 989, 997 (7th Cir. 2003) (same). In a motion to reconsider, Flournoy argued that the state judge, by granting the prosecutor's motion to dismiss the original charges, established conclusively that he was arrested without probable cause. And that ruling, Flournoy insisted, was binding in his federal suit. The district court disagreed, reasoning that the state judge's order was not a decision on the merits and lacks preclusive effect.

Flournoy appeals. He does not dispute the district court's reading of his amended complaint as raising a single Fourth Amendment claim about his arrest in July 2012. Nor does he identify any error in the court's conclusion that his own factual allegations show that probable cause to arrest existed. Instead, Flournoy repeats his contention that the order dismissing the state charges establishes conclusively that probable cause to arrest him was lacking. But under Illinois law—which a federal court applies when considering the preclusive effect of an Illinois judgment, *see* 28 U.S.C. § 1738—a decision is not binding in a later proceeding unless, among other requirements, that decision constitutes a final judgment on the merits and the parties in both actions are the same or in privity. *See Brown v. City of Chicago*, 599 F.3d 772, 774 (7th Cir. 2010); *Dunlap v. Nestle USA, Inc.*, 431 F.3d 1015, 1018 (7th Cir. 2005); *People v. Anderson*, 1 N.E.3d 54, 58 (Ill. App. Ct. 2013). Neither requirement is satisfied here. The state judge dismissed the charges against Flournoy on the prosecutor's motion without ever reaching the question of probable cause; this type of early dismissal of a criminal case has no preclusive effect. *See People v. Daniels*, 718 N.E.2d 149, 157 (Ill. 1999) (explaining that prosecutor's motion to dismiss "is like a nonsuit or discontinuance in a civil suit, and leaves the matter in the same condition in which it was before the commencement of the prosecution") (internal quotation marks and citation omitted); *People v. Gill*, 886 N.E.2d 1043, 1046–47 (Ill. App. Ct. 2008) (same); *People v. Matuck*, 528 N.E.2d 1102, 1103–04 (Ill. App. Ct. 1988) (same). More importantly, even if the state judge actually had ruled that probable cause to arrest

Flournoy was lacking, the plaintiff's argument would not succeed. We have held that a ruling in a state criminal proceeding is not conclusive in a civil rights action against police officers because they "were not parties to the state court proceedings and did not have a full and fair opportunity to litigate the issue of whether they had probable cause to arrest." *Booker v. Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996); *see also Kraushaar v. Flanigan*, 45 F.3d 1040, 1050–51 (7th Cir. 1995); *Williams v. Kobel*, 789 F.2d 463, 470 (7th Cir. 1986).

AFFIRMED.